THE STATE OF OHIO, APPELLEE, *v.* PENN, APPELLANT

(Nos. C-76297 and C-76298—Decided May 18, 1977.)

*Mr. Simon L. Leis, Jr.,* prosecuting attorney, *Mr. Leonard Kirschner* and *Mr. Robert R. Hastings, Jr.,* for appellee.

*Mr. George. W. Bunyan, Jr.,* for appellant.

KEEFE, J. On August 20, 1970, defendant-appellant Penn entered pleas of guilty to two charges of robbery, and on that date he was placed on five years probation. Appellant was discharged from probation prior to the expiration of the originally imposed term and restored to his rights of citizenship in 1972. An application to expunge the record of his convictions was filed by Penn on February 20, 1976, and on March 26, 1976, the judge of the Court of Common Pleas before whom the application came ruled as follows:

" * * * [I]t is my opinion that the two offenses are not connected and does [*sic*] not come under the purview of the first offender, and therefore your application for expungement will be denied.'"

[1]In the "Entry Denying Expungement of the Record," the following language appears: "* * * The Court finds the two offenses are not connected, and therefore, the defendant is not a first offender."

This appeal ensued. R. C. 2953.32 provides in part:

"(A) A first offender may apply to the sentencing court if convicted in the state of Ohio or to a court of common pleas if convicted in another jurisdiction for the expungement of the record of his conviction, at the expiration of three years if convicted of a felony, or at the expiration of one year if convicted of a misdemeanor, after his final discharge.

"(B) Upon the filing of such application, the court shall set a date for hearing and shall notify the prosecuting attorney of the hearing on the application. The court shall direct its regular probation officer, a state probation officer, or the department of probation of the county where the applicant resides to make such inquiries and written reports as the court requires concerning the applicant.

"(C) *If the court finds that the applicant is a first offender*, that there is no criminal proceeding against him, that his rehabilitation has been attained to the satisfaction of the court, and that the expungement of the record of his conviction is consistent with the public interest, the court shall order all official records pertaining to such case sealed and all index references deleted. The proceedings in such case shall be deemed not to have occurred and the conviction of the person subject thereof shall be expunged. * * *" (Emphasis added.)

R. C. 2953.31 defines a first offender thus:

"As used in section 2953.31 to 2953.36 of the Revised Code, "first offender" means anyone who has once been convicted of an offense in this state or any other jurisdiction. When two or more convictions result from or are connected with the same act, or result from offenses committed at the same time, they shall be counted as one conviction."

The factual background for the robberies follows: Penn was hitchhiking with two others around midnight; they entered a certain car and when they left they robbed the driver; at the same general location—apparently where the first driver stopped and was robbed—within fifteen minutes, the trio secured a second ride and proceeded to rob that driver as well.

The two assignments of error simply challenge the determination of the court below that the defendant was not a first offender and thus was not eligible to have his criminal record expunged.

We have been advised upon oral argument that the factual pattern here presents a matter of first impression. R. C. 2953.31 seems not entirely free from uncertainty in defining a first offender, although we firmly believe that the series of sections which includes R. C. 2953.31 and R. C. 2953.32 bears the unmistakable intent of the General Assembly to provide for expunction of criminal records in certain appropriate and meritorious cases. We discern some ambiguity in both sentences of R. C. 2953.31. With respect to the first, at least one could argue from the words "once been convicted" that they comprehend either a single *or* multiple count charge so long as they were disposed of together. See *Carey* v. *State* (1904), 70 Ohio St. 121. So far as the other sentence of the statute is concerned, one must question the meaning of the phrase "offenses committed at the same time." The words "at the same time" seem to have a relative connotation. Actually it is difficult to conceive of more than one offense being committed at *exactly* the same time. For example, if one robs an establishment and in the course thereof maliciously destroys property, a common sense construction of the transaction would seem to be that the offenses were committed at the same time; nevertheless, some lapse of time would occur between the separate wrongdoings.

The majority believes that the defendant is entitled to a liberal construction of the somewhat uncertain meaning of R. C. 2953.31. R. C. 1.11 provides, in part:

"Remedial laws and all proceedings under them shall be liberally construed in order to promote their object and assist the parties in obtaining justice."

The statutory enactments under review in the matter *sub judice* can be considered remedial laws. Webster's Third International Dictionary (1971) defines remedial as "intended for a remedy," and then provides as one of the definitions for remedy, "the legal means to recover a right." Moreover, in addition to the mandate of R. C. 1.11

requiring that remedial laws be liberally construed, R. C. 1.49, in promulgating a rule to be applied to ambiguous statutes, proclaims that in construing such statutes the court may consider among other matters the object sought to be attained by the legislature. (Actually, by the enactment of R. C. 1.49, the legislature recognized certain basic rules of statutory construction long followed by the courts.) The so-called "expungement statutes" appear to have been passed knowingly to deal with situations such as the one before us. Obviously, the trial court was favorably impressed by the rehabilitation of Penn at the time of the hearing. The court observed:

"* * * [T]he defendant is a prime example of what can be accomplished with probation, *he has developed into a good citizen* * * *." (Emphasis added.)

In support of an affirmance, the state urges the case of *In re Walsh,* unreported, Count of Appeals for the First District, No. C-75127, rendered February 17, 1976, in which a panel of judges sitting by assignment affirmed a denial of a motion to expunge. We find *Walsh* to be factually distinguishable. There, one crime was committed in 1953, and the later one, which it was sought to expunge, in 1954.

We consider the errors assigned meritorious and find the defendant to be a first offender within the meaning of R. C. 2953.31. We reverse the judgment below and remand for further proceedings according to law, particularly compliance with R. C. 2953.32(C).

*Judgment reversed and cause remanded.*

BETTMAN, J., concurs.
SHANNON, J., dissents.

SHANNON, P. J., dissenting. Without, I trust, animadversion, I must express my disagreement with the rationale my brothers have employed to bestow an award they believe to have been earned by one who has, from the record, developed into a good citizen. Their process, to my eye, defies logic.

The acts committed by Penn were separate, beyond argument, in time and place. They constituted robberies, as he admitted, of different individuals, at different times and at different places. The common denominator was the *modus operandi*. The grand jury which indicted Penn considered them to be separate offenses, returning separate true bills to which Penn, while assisted by legal counsel, entered separate pleas of guilty.

Inescapably, to me at least, it must be said then that the offenses neither were connected with the same act nor resulted from offenses committed at the same time and, therefore, Penn could not have qualified as a "first offender."

Carried to an extreme, the precedent my brothers now set could result in expunging the record of a conviction of one who engages in a crime spree consisting of acts of like kind closely related in time to which he pleads guilty on one day. The result would, of course, be ludicrous, one I am convinced not intended by the legislature.

The statute, while perhaps inartfully drafted, is not so ambiguous as to warrant the result reached by the majority of this court, even though its conclusion springs from true charity of spirit.

Simply put, I dissent because Penn was not a first offender. He commited separate robberies and when he pleaded guilty to the first he became an offender. When he pleaded guilty again, he had already been once convicted.

The court below, in my opinion, did not err and I would affirm its judgment.