THE STATE OF OHIO, APPELLEE, *v.*
SALTZER, APPELLANT.

(Nos. 48933 through 48940—
Decided April 22, 1985.)

*John T. Corrigan,* prosecuting at-
torney, and *George J. Sadd,* for appellee.
*Leonard Saltzer, pro se.*

PARRINO, J. Appellant, Leonard
Saltzer, appeals the denial of his applica-
tion for expungement made pursuant to
R.C. 2953.32.

Saltzer was charged with grand
theft from the Bureau of Workers' Com-
pensation in October of 1976. The grand
jury returned eight separate indict-
ments against appellant and other co-
defendants for separate theft offenses
which occurred from October of 1972
through May of 1976. Appellant entered
a guilty plea to each indictment on
November 10, 1976. He was sentenced
for all the offenses on January 24, 1977.

On January 28, 1983, Saltzer ap-
plied for expungement pursuant to R.C.
2953.31 *et seq.*[1] The court denied the ap-
plication without hearing in eight
separate journal entries July 8, 1983.

---

[1] R.C. 2953.32 describes the procedure
for expungement of records. It provides in
pertinent part:

"(A) A first offender may apply to the
sentencing court if convicted in the state, or
to a court of common pleas if convicted in
another state or in a federal court, for the
sealing of the record of his conviction, at the
expiration of three years after his final
discharge if convicted of a felony, or at the
expiration of one year after his final
discharge if convicted of a misdemeanor.

"(B) Upon the filing of the application,
the court shall set a date for a hearing and
shall notify the prosecuting attorney of the
hearing on the application. The court shall
direct its regular probation officer, a state
probation officer, or the department of pro-
bation of the county in which the applicant
resides to make inquiries and written reports
as the court requires concerning the appli-
cant.

"(C) If the court finds that the applicant
is a first offender, that there is no criminal
proceeding against him, that his rehabilita-
tion has been attained to the satisfaction of
the court, and that the sealing of the record
of his conviction is consistent with the public
interest, the court shall order all official
records pertaining to the case sealed and, ex-
cept as provided in division (F) of this section,
all index references to the case deleted. The
proceedings in the case shall be deemed not
to have occurred and the conviction of the
person who is the subject of the proceedings
shall be sealed, except that upon conviction of
a subsequent offense, the sealed record of
prior conviction may be considered by the
court in determining the sentence or other
appropriate disposition, including the relief
provided for in sections 2953.31 to 2953.33 of
the Revised Code. Upon the filing of an ap-
plication under this section, the applicant
shall, unless he is indigent, pay a fee of fifty
dollars. The court shall pay thirty dollars of
the fee into the state treasury; and twenty
dollars into the county general revenue fund
if the sealed conviction was under a state
statute, or into the general revenue fund of
the municipal corporation involved if the
sealed conviction was under a municipal or-
dinance."

We reversed because the trial court did not afford Saltzer a hearing on his application. *State* v. *Saltzer* (1984), 14 Ohio App. 3d 394.

On remand a hearing was held on May 31, 1984. Appellant argued that he was entitled to expungement because, "* * * I pled guilty to these eight counts simultaneously. I did not plead to the eight counts separately." He also stated that he has been gainfully employed as an accountant since 1979. Appellant did not submit a complete transcript of the May 31, 1984 hearing. Therefore, we have no record of the arguments advanced by the prosecutor. The trial court denied appellant's application for expungement as he was found not to be a first-time offender as defined by R.C. 2953.31.

Appellant raises the following error on appeal:

"The Trial Court erred in denying Appellant's application for expungement even though Appellant was convicted of a multiple count charge of the same offense as he is a first offender as defined by Ohio Revised Code Section 2953.31 and is otherwise eligible for expungement."

Appellant contends that he is a first offender for purposes of R.C. 2953.31.[2] He argues that the legislature did not intend to bar expungement for defendants who have been indicted several times for an identical offense. He also states that because one proceeding disposed of all the indictments against him, he was only "once convicted." We disagree.

Appellant cites *State* v. *Penn* (1977), 52 Ohio App. 2d 315 [6 O.O.3d 357], in support of his arguments. It is true that the court in *Penn* determined that the defendant was a first offender when he committed two robberies in the same general location and within fifteen minutes of each other. However, *Penn* also recognized that when crimes are committed in different years, a defendant is not a first-time offender. *Id.* at 318. In the case *sub judice* several separate theft offenses occurred over a four-year period.

This court has held that just because offenses were of a like nature does not cause them to be treated as a single offense. *State* v. *Stujenske* (Jan. 28, 1982), Cuyahoga App. Nos. 43669 and 43670, unreported. Furthermore, when separate indictments are considered by a trial court at the same time, those offenses do not merge into one offense. *State* v. *Londrico* (Dec. 28, 1978), Cuyahoga App. No. 38174, unreported.

In order for a defendant to be entitled to expungement pursuant to R.C. 2953.31 *et seq.*, he must be a first-time offender. That means he must have no other criminal convictions. *State* v. *Stadler* (1983), 14 Ohio App. 3d 10; *Chillicothe* v. *Herron* (1982), 3 Ohio App. 3d 468. The purpose of R.C. 2953.31 is to recognize that persons who have only a single criminal infraction may be rehabilitated. *State* v. *Petrou* (1984), 13 Ohio App. 3d 456. A trial court has no jurisdiction to grant expungement unless the applicant is a first-time offender. *State* v. *Thomas* (1979), 64 Ohio App. 2d 141 [18 O.O.3d 106].

Appellant was not a first offender as defined by R.C. 2953.31. He was convicted of eight separate theft offenses which occurred over a period of several years. Therefore, the trial court properly determined that appellant's criminal record is not entitled to expungement.

---

[2] R.C. 2953.31 states:

"As used in sections 2953.31 to 2953.36 of the Revised Code, 'first offender' means anyone who has once been convicted of an offense in this state or any other jurisdiction. When two or more convictions result from or are connected with the same act, or result from offenses committed at the same time, they shall be counted as one conviction."

Appellant's assignment of error is not well-taken.

*Judgment affirmed.*

CORRIGAN, C.J., and PATTON, J., concur.