THE STATE OF OHIO, APPELLANT, *v.* AGGARWAL, APPELLEE.

(No. C-850728—Decided April 2, 1986.)

*Arthur M. Ney, Jr.,* prosecuting attorney, and *William E. Breyer,* for appellant.

*Jack C. Rubenstein,* for appellee.

*Per Curiam.* This cause came on to be heard upon the appeal from the Court of Common Pleas of Hamilton County.

The appeal in the case *sub judice* is taken from an order of the court of common pleas that provided relief to the defendant-appellee, Trilock Aggarwal, under R.C. 2953.32 by granting his application for the sealing of the record of three convictions involving the sale of unregistered securities. In the only assignment of error given to us for review, the prosecuting attorney asserts that the applicant was ineligible for the relief afforded to him because he was not a first offender under the controlling definition adopted by the General Assembly in R.C. Chapter 2953.

The provision that governs our resolution of the disputed issue of eligibility reads, in relevant part, as follows:

" 'First offender' means anyone who has been convicted of an offense in this state or any other jurisdiction, and who has not been previously or subsequently convicted of the same or a different offense in this state or any other jurisdiction. When two or more convictions result from or are connected with the same act, or result from offenses committed at the same time, they shall be counted as one conviction." R.C. 2953.31(A).

In the case *sub judice,* the record reflects that the applicant entered pleas of no contest in an Ohio court and was found guilty as he stood charged in an indictment of three counts of attempted sale of unregistered securities in violation of R.C. 2923.02 and 1707.44(C)(1). The judgment placed of record in accordance with the findings of guilt was entered on the court's journal on September 11, 1981, and included a separate sentence for each offense. Although it may plausibly be argued that the offenses occurred in connection with the promotion of one business venture, we are persuaded from what ap-

pears in the record that there were, in fact, three distinct transactions, each taking place at a separate time and each involving a different group of prospective purchasers. Under these circumstances, it must be said that the judge presiding below improperly counted the three convictions as one under R.C. 2953.31(A) and erroneously held that the applicant was a first offender eligible for expungement under R.C. 2953.32. See *State* v. *Abrams* (Feb. 19, 1986), Hamilton App. No. C-850422, unreported. The assignment of error given to us by the prosecuting attorney is, accordingly, well-taken.

The judgment from which this appeal is taken is hereby reversed, and it is the order of this court pursuant to App. R. 12(B) that final judgment in this cause be, and the same hereby is, entered in favor of the state of Ohio, and that any and all actions taken with respect to the sealing of the record of the defendant-appellee, Trilock Aggarwal, be set aside and held for naught.

*Judgment reversed*

DOAN, P.J., SHANNON and BLACK, JJ., concur.