**State v. Bauknight**
**Case No. 58209**
**Cuyahoga County, (8th)**
**Decided February 1, 1990**
[Cite as 1 AOA 311]

*For plaintiff-appellant, John T. Corrigan, Prosecuting Attorney of Cuyahoga County, By: George J. Sadd, Assistant Prosecuting Attorney, The Justice Center, 1200 Ontario Street, Cleveland, Ohio 44113.*

*For defendant-appellee, John H. Carson, 1949 East 105th Street, Cleveland, Ohio 44106.*

NAHRA, J.

On April 1, 1987, Mr. Tillman Bauknight, defendant-appellee herein, was indicted by the Cuyahoga County Grand Jury for two counts of theft and one count of petty theft. On November 25, 1987, the trial court entered Bauknight's plea of guilty to three counts of petty theft.

The trial court sentenced Bauknight to six months in the Cleveland House of Correction on each of the three counts. In addition, the trial court imposed a fine of one thousand dollars ($1,000.00) on each of the counts and restitution was ordered.

The imposition of the six month sentence on each of the counts was suspended by the trial court as well as two thousand two hundred and fifty dollars ($2,250.00) of the fine. Bauknight's final discharge was ordered on February 26, 1988.

On March 31, 1989, Bauknight filed an application for the expungement of record. On July 21, 1989, a hearing was held and the record was ordered sealed. The State of Ohio timely appeals the order.

Appellant's sole assignment of error states:

THE LOWER COURT ERRED WHEN IT GRANTED AN APPLICATION FOR THE SEALING OF A CRIMINAL RECORD WHERE THE APPLICANT WAS NOT A FIRST OFFENDER AS DEFINED BY OHIO REVISED CODE SEC. 2953.31.

The statutory procedure for expungement of a criminal conviction is established by R.C. 2953.31-2953.36. The expungement procedure is only available to first offenders. R.C.2953.32(A),(C).

R.C. 2953.31 defines "first offender", in pertinent part, as:

(A) "First offender" means anyone who has been convicted of an offense in this state or any other jurisdiction, and who has not been previously or subsequently convicted of the same or a different offense in this state or any other jurisdiction. When two or more convictions result from or are connected with the same act, or result from offenses committed at the same time, they shall be counted as one conviction.

Bauknight maintains that the three theft offenses were connected with the same act and should be counted as one under R.C. 2953.31.

Offenses of like nature committed months apart do not cause them to be treated as a single offense. *State* v. *Londrico* (Dec. 28, 1978), Cuyahoga App. No. 38174, unreported (two convictions for stolen property committed four months apart involving different victims considered separate offenses and expungement prohibited); see also *State* v. *Aggrawal* (1986), 31 Ohio App. 3d 32, 507 N.E.2d 1167; *cf. State* v. *Penn* (1977), 52 Ohio App. 2d 315, 369 N.E.2d 1229 (conviction for two robberies committed within fifteen minutes of each other and at the same general location could be considered as one conviction for the purpose of determining defendant's status as a first offender).

Here, the record reveals that Bauknight entered a plea of guilty to three separate counts of petty theft. The three offenses in question occurred at least one month apart from each other: the first offense occurred from January 29, 1985 to August 26, 1985; the second offense took place from April 1, 1986 to October 10, 1986; and the third offense occurred from November 11, 1986 to November 29, 1986. This amounts to almost a two year period in which three thefts were perpetrated. Each offense involved different victims. The substantial gap in time between offenses precludes treating them as one conviction under R.C. 2953.31(A). The facts that separate indictments are considered together by the trial court does not cause them to merge. *State* v. *Londrico* at 4.

Therefore, we find that appellee was not a first offender under R.C. 2953.31(A) and he was not eligible to have the record sealed for his second and third offenses.

Appellant's sole assignment of error is sustained.

Accordingly, the judgment of the trial court is reversed.

This cause is reversed for proceedings consistent with this opinion.

It is, therefore, considered that said appellant recover of said appellee its costs

herein.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

PATTON, C.J., and J. F. CORRIGAN, J., Concur.