The STATE OF OHIO, Appellant,

v.

DERUGEN, Appellee.

[Cite as *State v. Derugen* (1996), 110 Ohio App.3d 408.]

Court of Appeals of Ohio,
Third District, Marion County.

No. 9–96–1.

Decided April 11, 1996.

*Jim Slagle,* Marion County Prosecuting Attorney, *Craig W. Beidler,* Assistant Prosecuting Attorney, for appellant.

*Kenneth Rexford,* for appellee.

SHAW, Judge.

This appeal, having been heretofore placed on the accelerated calendar, is being considered pursuant to App.R. 11.1(E) and Loc.R. 12. Pursuant to Loc.R. 12, we hereby elect to issue a full opinion in lieu of a judgment entry.

Plaintiff-appellant, state of Ohio, appeals from a judgment of the Marion County Court of Common Pleas, granting defendant-appellee Pamela A. Derugen's motion to have the record of her prior convictions sealed pursuant to R.C. 2953.32 as a first offender.

The record reveals that on January 4, 1990, defendant was indicted on two counts of drug abuse in violation of R.C. 2925.11, one count of possessing criminal tools in violation of R.C. 2923.24(A), one count of theft in violation of R.C. 2913.02(A)(3), one count of falsification in violation of R.C. 2921.13(A)(3) and one count of obstructing official business in violation of R.C. 2921.31(A). Defendant pled guilty to all counts set forth in the indictment. The trial court subsequently sentenced defendant to a period of incarceration, which was suspended, along with a period of probation.

On November 1, 1995, following the completion of her sentence, defendant filed an application to seal her record of convictions in the trial court pursuant to R.C. 2953.32. The state, through the prosecuting attorney, filed objections to defendant's motion in the trial court. On December 1, 1995, the trial court conducted a hearing on the matter and on the same date, the court issued a journal entry granting defendant's motion.

Thereafter, the state filed the instant appeal, asserting the following sole assignment of error:

"The trial court's order sealing the defendant-appellee's record of criminal conviction is void for lack of jurisdiction because the defendant-appellee is not a first offender as defined by R.C. 2953.[3]1."

In addressing the sealing of a record of conviction, this court has stated:

"R.C. 2953.32(C)(1) sets forth the requirements the trial court shall follow to determine if an applicant is entitled to have his record of conviction sealed or expunged. If the trial court, after complying with R.C. 2953.32(C)(1), finds that the applicant is a first-time offender, that there are not any criminal proceedings pending against the applicant and that there is not a legitimate governmental need to maintain the records which outweighs the interest of the applicant in having his record expunged or sealed, the court shall order the applicant's record expunged or sealed. See R.C. 2953.32(C)(2)." *State v. Mastin* (1992), 83 Ohio App.3d 814, 815–816, 615 N.E.2d 1084, 1085.

The determination of the applicant's status as a first-time offender, however, is a question of law subject to an independent review by this court without deference to the trial court's decision. *State v. McGinnis* (1993), 90 Ohio App.3d 479, 481, 629 N.E.2d 1084, 1085; see, also, *State v. Thomas* (1979), 64 Ohio App.2d 141, 18 O.O.3d 106, 411 N.E.2d 845.

In the instant case, the state contends that the trial court erred in determining that defendant was a first-time offender. Thus, the state argues, the court lacked jurisdiction to order that the record of defendant's conviction be sealed.

The record reveals that defendant was indicted for six separate offenses which were committed at different times. For instance, defendant was indicted on two counts of drug abuse, the first count involving conduct occurring between December 25, 1989 and December 29, 1989 and the second count involving conduct occurring on or about December 29, 1989. Defendant was also charged with possessing criminal tools, falsification and obstruction of official business, all of which occurred on or about December 29, 1989. The remaining theft count in the indictment involved conduct occurring between November 1, 1988 and December 29, 1989.

R.C. 2953.31(A) defines a "first offender" as "anyone who has been convicted of an offense in this state or any other jurisdiction, and who previously or subsequently has not been convicted of the same or a different offense in this state or any other jurisdiction. When two or more convictions result from or are connected with the same act, or result from offenses committed at the same time, they shall be counted as one conviction."

Defendant argues that all of her convictions stem from conduct which was committed at the same time. Defendant further argues that the theft, falsification, obstruction of official business and possession of criminal tools convictions all were the result of the drug dependency which led to her two drug abuse convictions.

R.C. 2953.31 and 2953.32 are designed to recognize that individuals with a single criminal infraction may be rehabilitated. *State v. Petrou* (1984), 13 Ohio App.3d 456, 13 OBR 546, 469 N.E.2d 974. However, when different acts resulting in separate convictions are committed at different times, a defendant is not considered a first-time offender. *State v. Cresie* (1993), 93 Ohio App.3d 67, 68, 637 N.E.2d 935, 935–936; *State v. Penn* (1977), 52 Ohio App.2d 315, 318, 6 O.O.3d 357, 359–360, 369 N.E.2d 1229, 1231. Moreover, the fact that all of the charges against the defendant in this case were disposed of in a single proceeding does not automatically lead to the conclusion that those charges merge into a single offense for the purposes of expungement. See *State v. Saltzer* (1985), 20 Ohio App.3d 277, 278, 20 OBR 368, 368–369, 485 N.E.2d 831, 833–834; *State v. Radey* (Aug. 17, 1994), Medina App. No. 2293–M, unreported, 1994 WL 440465.

Our review of the record in the case *sub judice* leads us to conclude that defendant was convicted of separate and unrelated offenses, some of which were committed at different times. The theft conviction related to conduct committed in 1988 and 1989, one drug abuse conviction related to conduct committed between December 25 and December 29, 1989 and while the remaining charges all relate to conduct occurring on or about December 29, 1989, the acts involved were not logically connected or part of the same offense. See *State v. McGinnis* (1993), 90 Ohio App.3d 479, 629 N.E.2d 1084. We therefore hold that defendant was not a first offender within the meaning of R.C. 2953.31 and 2953.32 and that, consequently, the trial court lacked jurisdiction to enter the December 1, 1995 order of expungement. Accordingly, as the state's sole assignment of error is sustained, the judgment of the Marion County Court of Common Pleas is reversed and this cause is remanded to that court for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

HADLEY, P.J., and THOMAS F. BRYANT, J., concur.