The appeal in this case is from an order of the Warren County Common Pleas Court in which the court determined[1] that defendant-appellant, Wade Napier, was not a first offender for purposes of the expungement statute, R.C.2953.32, and denied his application to seal the record of his two drug trafficking convictions.
In 1989, appellant was indicted on two counts of drug abuse, three counts of trafficking in marijuana, and one count of trafficking in drugs. Pursuant to a plea bargain agreement, appellant entered guilty pleas to two counts of trafficking in marijuana and the remaining counts were dismissed. The trafficking counts were charged under R.C. 2925.03(A)(5) and (6).[2]
The facts relating to the two counts to which appellant entered his plea are that on November 1, 1989, a police informant went to appellant's home where he purchased a pound of marijuana from appellant for $500. Several hours later on the same day, members of the drug enforcement unit went to appellant's home, and while searching the area found an additional twelve pounds of marijuana packed in one-pound bags, as well as some other controlled substances, firearms, and substantial quantities of cash.
The trial court concluded from these facts that the two crimes to which appellant pled guilty did not result from nor were they connected with the same act; neither did they result from offenses committed at the same time. The trial court accordingly denied appellant's application for expungement.
Appellant's assignment of error claims that:
 THE TRIAL COURT ERRED IN DETERMINING THAT THE DEFENDANT WAS NOT A FIRST OFFENDER AS DEFINED BY SEC. 2953.31 [SIC].
The issue presented is whether convictions for sale and possession of marijuana under R.C. 2925.03(A)(5) and (6), where the offenses occurred on the same day, at the same place, and within hours of each other, should be considered one conviction for purposes of R.C. 2953.31.
We must initially address the question of what standard of review is to be employed when reviewing a trial court's decision either granting or, as in this case, denying an application for expungement under R.C. 2953.32(C). In order for an expungement application to be granted, the court must determine (a) that the applicant is a first offender; (b) that there are no criminal proceedings pending against applicant; (c) that his rehabilitation has been attained to the satisfaction of the court; and (d) that the expungement of the record of conviction is consistent with the public interest.
The first step for the trial court, as set out in R.C. 2953.32(C)(1) (a) and (b), is to determine whether the applicant is a first offender as defined by R.C. 2953.31(A) and whether there are any pending criminal proceedings against him. This requires an evidence-based decision by the trial court and a weight of the evidence review of that decision by this court. For this court to reverse a judgment of a trial court on the basis that the decision is against the manifest weight of the evidence, we would be required to disagree with the trial court's resolution of the conflicting testimony. State v. Thompkins (1997),78 Ohio St.3d 380.[3]
The second step for the trial court under R.C. 2953.32(C) (1)-(c) and (d) is to determine whether the applicant has been rehabilitated "to the satisfaction of the court" and whether the expungement is consistent with the public interests. These are discretionary calls for the trial court and are reviewed using an abuse of discretion standard.
The record in this case shows that the trial court decided appellant was not a first offender, thereby denying the court jurisdiction to rule further on the case. As we have stated, a trial court's decision under R.C. 2953.32(C)(1), relating to first offender status, is reviewed based upon the weight of the evidence. We are therefore required to look to R.C. 2953.31(A), the definition section, to understand what the legislature intended and to apply that law to the facts of the case.
R.C. 2953.31(A), in part, defines a "first offender" as
 anyone who has been convicted of an offense in this state * * * and who previously or subsequently has not been convicted of the same or different offense in this state * * *. When two or more convictions result from or are connected with the same act, or result from offenses committed at the same time, they shall be counted as one conviction.
The statutory definition of "first offender" therefore includes criminal convictions for conduct that is "connected with or results from the same act," and also includes convictions for criminal conduct that "resulted from offenses committed at the same time." The legislature used the disjunctive "or" between the "same act" clause and the "same time" clause, which suggests it meant to include two different circumstances within the "first offender" definition.
Addressing first what was meant by "result from or are connected with the same act," the word "act" means the thing done; in this case, the sale of marijuana. While it would be necessary to possess marijuana for the purpose of the sale, in this case it would not be necessary to possess more marijuana than was intended to be sold,[4] and thus it does not follow that the possession of additional marijuana, over and above that required to complete the sale, resulted from or was connected with "the same act," or in other words, that the sale that gave rise to the conviction for trafficking.
Going next to the "convictions * * * resulting from offenses committed at the same time" clause, it is noteworthy that several hours elapsed between the time of the sale and the time of possession of the additional marijuana.
The Hamilton County Court of Appeals addressed the "same time" issue of the expungement statute in an early case[5] entitled State v. Penn (1977), 52 Ohio App.2d 315. Appearing now to have misinterpreted the statutory scheme, a majority of that court reversed the trial court's order denying an expungement, over the tactful but firm dissent of Judge Raymond Shannon.
In the Penn case, Penn and two others were hitchhiking. They entered a certain car and when they left they robbed the driver. Fifteen minutes later they did the same thing to a different driver at the same general location. Penn pled guilty to two charges of robbery on August 20, 1970.[6] The appellate court, being mindful of the rehabilitation that had occurred with Penn, found ambiguity in the statutory scheme concerning lapsed time between crimes and determined the legislative intent as being "to provide for expunction of criminal records in certain appropriate and meritorious cases." Id. at 317. Therefore, the words "at the same time," were interpreted to be relative terms and expungement was granted.
In State v. Hagstrom (1990), 67 Ohio App.3d 388, the Hamilton County Court of Appeals ruled that expungement was not available to an applicant who had been convicted of assaulting his girlfriend, Mary Firth, and then fifteen minutes later at a different location resisted arrest and assaulted police officers who were dispatched to find him. He was also convicted for those offenses.
Interpreting R.C. 2953.31(A), the court opined:
 The convictions at issue do not fit within the purview of the "first offender" definition set forth in R.C. 2953.31(A). The offenses were committed against different individuals at different places and times, and the convictions neither resulted from nor were connected with the same act. The * * * convictions [involving the police] resulted from Hagstrom's encounter with Norwood police officers who were attempting to arrest him for the assault on Firth. Hagstrom both resisted the arrest and assaulted the officers during the course of the arrest. Clearly, these offenses were not connected, in the manner required by the expungement statute, to Hagstrom's commission of the aggravated assault on Firth, during which Hagstrom forcibly cut Firth's hair, threw her down a flight of stairs and then proceeded to beat her.
 Accordingly, the trial court correctly determined that Hagstrom was not a first offender and was not entitled to expungement of his record pursuant to R.C. 2953.31 and 2953.32. To the extent that this decision may be inconsistent with our holding in State v. Penn (1977), 52 Ohio App.2d 315, 6 O.O.3d 357, 369 N.E.2d 1229, we conclude that the import of the Penn holding must be confined solely to the facts as they existed in that case.
Id. at 390, 391. We find the analysis in Hagstrom to be more persuasive.
Because the sale offense and the possession offense were separated by several hours and because the quantity of drugs sold was exceeded by the supply of drugs possessed by appellant, such possession of additional drugs was neither necessary to, nor the result of, the offense committed at the time of the sale. For these reasons, the convictions should not be counted as one offense and appellant is not a "first offender" as contemplated by the expungement statutory scheme.
The trial court's decision is supported by the evidence. The assignment of error is overruled and the judgment of the trial court is affirmed.
POWELL, P.J., concurs.
KOEHLER, J., dissents.
[1] The parties to this appeal stipulated that the Summary of Offense contained in the presentence report could be considered by the trial court as the facts of the case. The summary constitutes the record upon which the trial court made its decision and upon which we base our review.
[2] In 1989, R.C. 2925.03(A)(5) provided that "[n]o person shall * * * sell or offer to sell a controlled substance * * *." R.C.2925.03(A)(6) provided that "[n]o person shall * * * possess a controlled substance * * *."
[3] Since there was no testimony and the trial court had only a stipulation of facts upon which to base its decision, we will examine the Summary of Offense stipulation, but can do so only to the extent of the sufficiency of facts before the court on which it based the decision.
[4] See State v. Truitt (1981), 1 Ohio App.3d 65. While Truitt dealt with a double jeopardy issue, the analysis relating to separate acts of possession is applicable.
[5] The statute was first enacted effective January 1, 1974. The Penn case was a case of first impression in the district.
[6] R.C. 2953.31 et seq., the expungement statutes, are remedial statutes and thus were applied retroactively.