JOURNAL ENTRY AND OPINION.
{¶ 1} Defendant Brian Krantz appeals from the order of the trial court which denied his motion to seal his criminal record. For the reasons set forth below, we affirm.
 {¶ 2} The record reflects that on October 30, 1995, the State of Ohio indicted defendant pursuant to an eleven count indictment which charged him with five counts of forgery, five counts of uttering and one count of theft. The charges stemmed from allegations that defendant prepared spurious cellular telephone rental and service agreements and that he improperly obtained cellular telephones. Defendant subsequently plead guilty to three counts of forgery from incidents occurring on or about September 11, 1993, November 13, 1993, and June 13, 1993, and the theft count, which the state alleged occurred from June 13, 1993 through June 16, 1993. Defendant was then sentenced to probation.
 {¶ 3} The record further reflects that defendant was also indicted in the United States District Court pursuant to a four count indictment which charged him with four counts of making, uttering, and possessing counterfeit bank checks, on or about September 22, 1993, September 27, 1993, September 29, 1993, and October 29, 1993. Defendant acknowledges that he plead guilty to the federal charges, and was sentenced to home confinement and a term of probation in the federal matter.
 {¶ 4} On May 29, 2001, defendant filed a motion for expungement in which he asserted that he was a "first offender" and that he had met all additional statutory requirements for sealing of his record.
 {¶ 5} Defendant's attorney appeared before the court on the matter and the court granted the motion. The State of Ohio subsequently raised objections to the court's order and following a second hearing, the court determined that defendant was not a first offender and was therefore not eligible for expungement of his record.[1] Defendant now appeals and raises four challenges to the lower court judgment.
 {¶ 6} Defendant's first claim states:
 {¶ 7} "The trial court committed reversible error by refusing to find that Appellant's convictions were connected to the same act or resulted from offenses committed at the same time."
 {¶ 8} Within this claim, defendant asserts that the state and federal convictions were connected because they were part of a single enterprise to illegally obtain and sell pagers and cellular telephones, and is therefore a "first offender" for purposes of determining whether the record of his conviction should be sealed.
 {¶ 9} In evaluating this claim, we note that the determination of "first offender" status is a question of law which is subject to independent review by an appellate court, without deference to the decision of the lower court. State v. McGinnis (1993), 90 Ohio App.3d 479,481, 629 N.E.2d 1084; State v. Aggarwal (1986), 31 Ohio App.3d 32,507 N.E.2d 1167.
 {¶ 10} R.C. 2953.32 governs the sealing of a record of conviction and provides in relevant part as follows:
 {¶ 11} "(A)(1) Except as provided in section 2953.61 of the Revised Code, a first offender may apply to the sentencing court if convicted in this state, or to a court of common pleas if convicted in another state or in a federal court, for the sealing of the conviction record. Application may be made at the expiration of three years after the offender's final discharge if convicted of a felony, or at the expiration of one year after the offender's final discharge if convicted of a misdemeanor."
 {¶ 12} R.C. 2953.31 defines first offender as follows:
 {¶ 13} "(A)`First offender' means anyone who has been convicted of an offense in this state or any other jurisdiction and who previously or subsequently has not been convicted of the same or a different offense in this state or any other jurisdiction. When two or more convictions result from or are connected with the same act or result from offenses committed at the same time, they shall be counted as one conviction. When two or three convictions result from the same indictment, information, or complaint, from the same plea of guilty, or from the same official proceeding, and result from related criminal acts that were committed within a three-month period but do not result from the same act or from offenses committed at the same time, they shall be counted as one conviction, provided that a court may decide as provided in division (C)(1)(a) of section 2953.32 of the Revised Code that it is not in the public interest for the two or three convictions to be counted as one conviction."
 {¶ 14} These statutes were enacted to recognize that individuals with a single criminal infraction may be rehabilitated. State v. Petrou
(1984), 13 Ohio App.3d 456, 469 N.E.2d 974; State v. Derugen (1996),110 Ohio App.3d 408, 674 N.E.2d 719. Offenses that are linked together logically or coherently are considered "connected" for purposes of determining whether a defendant is a first offender. State v. McGinnis
(1993), 90 Ohio App.3d 479, 482. However, when different acts resulting in separate convictions are committed at different times, a defendant is not considered a first offender. Id., citing State v. Cresie (1993),93 Ohio App.3d 67, 68, 637 N.E.2d 935. Further, the fact that the charges against the defendant are disposed of in a single proceeding does not automatically lead to the conclusion that those charges merge into a single offense. Id, citing State v. Saltzer (1985), 20 Ohio App.3d 277,278, 485 N.E.2d 831.
 {¶ 15} Our review of the record compels the conclusion that defendant is not a first offender because he was convicted of separate and unrelated offenses which occurred over a nine month period and involved numerous victims. Accord State v. Londrico (Dec. 8, 1978), Cuyahoga App. No. 38174 (defendant was not a first offender where he was convicted of receiving stolen goods for offenses occurring four months apart and involving two different owners); State v. Patino (March 2, 1989), Cuyahoga App. No. 55681 (defendant was not a first offender where he was convicted of two felonious assault convictions which occurred one week apart from each other); State v. Alandi (Nov. 15, 1990), Cuyahoga App. No. 59735 (defendant was not a first offender where he reported his traveler's checks as lost then used the checks twenty-one days later to buy merchandise at three different locations); State v. Burks (Aug. 22, 1991), Cuyahoga App. No. 59040 (defendant was not a first offender where she plead guilty to five separate acts of receiving stolen property over one month which involved different victims); State v. Radey (Aug. 17, 1994), Medina App. No. 2293-M (defendant was not a first offender where he was convicted of six counts of passing bad checks and the offenses occurred over a seven month period and involved different victims); Statev. Bauknight (Feb. 1, 1990), Cuyahoga App. No. 58209 (defendant was not a first offender where he plead guilty to three separate counts of petty theft which occurred over a approximately eighteen months and involved different victims); State v. Derugen, supra (defendant was not a first offender where she was convicted of theft and drug offenses over a one year period).
 {¶ 16} Defendant maintains that this matter is analogous to Statev. McGinnis, supra. We do not agree, as the offenses at issue in that matter occurred over a twelve hour period, in contrast to the nine month period of time presented herein. Likewise, defendant's reliance upon In ReM.B. (June 29, 2000), Franklin App. No. 99 AP-922, and State v. Raskov
(June 16, 2000), Geauga App. No. 99-G-2251 to be misplaced because these cases involved conduct which occurred over one-week and two-week periods of time, respectively. Finally, we reject defendant's contention that this matter should be governed by our previous decision in State v.Bucha (Nov. 14, 1991), Cuyahoga App. No. 61417, because that case involved a state weapons charge which directly resulted from execution of a seizure order in the federal case, and in this matter, the state and federal offenses involved different conduct, had different victims, and occurred at different times.
 {¶ 17} Moreover, we reject defendant's contention that the state and federal offenses are linked together logically or coherently and are therefore "connected" for purposes of determining whether he is a first offender because the offenses were part of a single enterprise to illegally obtain and sell pagers and cellular telephones. This same argument was rejected in State v. Aggarwal (1986), 31 Ohio App.3d 32, wherein the defendant maintained that his convictions for three counts of attempted sale of unregistered securities all occurred in connection with the promotion of one business venture. The Court stated:
 {¶ 18} "[T]here were in fact, three distinct transactions, each taking place at a separate time and each involving a different group of prospective purchasers."
 {¶ 19} Accord State v. Bradford (1998), 129 Ohio App.3d 128
(convictions for six counts of forgery and two counts of theft determined to be separate offenses even though all of the offenses occurred after the defendant took a credit card that a customer had forgotten then went on a shopping spree); State v. Alandi, supra. In accordance with the foregoing, we do not find that the defendant was a first offender, and we reject the first claim advanced by defendant.
 {¶ 20} The second claim raised by defendant states:
 {¶ 21} "The Court erred in failing to reach the issue contemplated by R.C. 2953.32(C)(1)(E)"
 {¶ 22} Defendant next maintains that the trial court erred in failing to weigh his interests in having the record of his convictions sealed against the government's interests in maintaining the record.
 {¶ 23} Pursuant to R.C. 2953.32(C), before ruling on a motion to seal a record of conviction, the trial court must determine whether the applicant is a first offender, determine whether criminal proceedings are pending against the applicant, determine whether the applicant has been rehabilitated to the satisfaction of the court, consider objections raised by the prosecutor, and weigh the interests of the applicant in having the records pertaining to the applicant's conviction sealed against the legitimate needs, if any, of the government to maintain those records. The statutory requirements are independent of one another and are in the conjunctive. Therefore if the movant fails to satisfy one of these requirements, the trial court must deny the motion. Cf. Strack v.Pelton (1994), 70 Ohio St.3d 172, 14, 1994 Ohio 107, 637 N.E.2d 914. Moreover, the applicant's status as a first offender is a prerequisite to the trial court's jurisdiction over an application to seal records. Statev. Saltzer (1985), 20 Ohio App.3d 277, 278, 485 N.E.2d 831.
 {¶ 24} In this matter, as we have previously determined, defendant was not a first offender. Therefore, the trial court was without jurisdiction to order the records sealed, and any further weighing of the additional factors listed in R.C. 2953.32 does not alter the outcome of this matter. Accordingly, defendant's second contention lacks merit.
 {¶ 25} Defendant's third claim states:
 {¶ 26} "The Court committed an abuse of discretion by not holding an adequate hearing on the findings of fact."
 {¶ 27} Defendant next claims that the hearing held in this matter was insufficient because the record does not contain adequate descriptions of the underlying convictions, and the degree to which they were interconnected, and because the trial court instructed the parties not to "rehash the same arguments again." (Tr. 3, January 9, 2002 hearing).
 {¶ 28} Each application for expungement must be set for hearing. R.C. 2953.32(B); State v. Saltzer, supra.
 {¶ 29} In this matter, we note that the trial court held two hearings in this matter. At the first hearing, defendant's counsel argued that the state and federal convictions were part of a single scheme to defraud a pager/cell phone company, and that the state charges were simply duplicative of the federal prosecution. (Tr. 4). At the second hearing, defendant's attorney maintained that all charges were connected because they "arose from the same criminal enterprise," and that the state's prosecution of defendant duplicated the federal prosecution. (Tr. 5-6). He also cited to various case law which he believed supported his position. Moreover, defendant's application for expungement, and additional briefs apprised the court that defendant believed that all of the offenses related to a single "criminal enterprise: to wit: the sale of illegally obtained pagers and cell phones." (Defendant's brief at p. 3). Accordingly we cannot accept defendant's contention that no adequate hearing was held in this matter. Rather, the record is entirely sufficient to evaluate the merit of defendant's contention. State v.Krutowsky, Cuyahoga App. No. 81545, 2003 Ohio 1731.
 {¶ 30} This claim lacks merit.
 {¶ 31} Defendant's fourth claim states:
 {¶ 32} "The court committed an abuse of discretion by reversing itself without providing just reason to do so."
 {¶ 33} Defendant next complains that the trial court erred in reversing its initial determination that defendant was entitled to have the record of his convictions sealed.
 {¶ 34} As an initial matter, we note that defendant did not object to the trial court's decision to rehear the matter with a prosecuting attorney present. Accordingly, he has waived all but plain error affecting substantial rights. Crim.R. 52(B). We find no plain error. InState v. Stiff (June 21, 1990) Scioto App. No. 1804, the Court set forth the procedural requirements of R.C. 2953.32 and stated as follows:
 {¶ 35} "The language of the statute sets out a very specific procedure to be followed so that the interests of all parties can be protected and that these cases can be decided in accord with our idea of due process. The statute requires that the matter be set for hearing and that the prosecutor be notified of the hearing, obviously to give the State an opportunity to appear and present arguments against expungement if need be."
 {¶ 36} In this instance, as we noted previously, no one from the office of the prosecuting attorney was present at the first hearing held in this matter. At the second hearing, an assistant prosecuting attorney appeared and argued that the offenses were disparate and that defendant was, therefore, not a first offender. Because due process requires that the state be given the opportunity to object to the expungement, id., and because the threshold determination of whether the applicant is a first offender is jurisdictional, State v. Saltzer, supra, we hold that no plain error occurred in connection with the trial court's decision to rehear the matter. Moreover, having then found that defendant was not a first offender, the trial court properly denied the motion to seal the records of conviction following the second hearing.
 {¶ 37} Defendant's fourth claim lacks merit.
 {¶ 38} The judgment of the trial court which denied defendant's application to seal the record of his criminal conviction is affirmed.
KENNETH A. ROCCO, A.J., and ANTHONY O. CALABRESE, JR., J., concur.
[1] We note that R.C. 2953.32 cannot be construed as affecting federal records either maintained or in the custody of federal officers. Schwabv. Gallas (N.D.Ohio 1989), 724 F. Supp. 509, 510; United States v.Andriacco (S.D.Ohio 1996), 942 F. Supp. 1157.