ACCELERATED DOCKET JOURNAL ENTRY and OPINION
{¶ 1} This cause came on to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court records, and briefs of counsel.
 {¶ 2} Plaintiff-appellant State of Ohio ("state") is appealing from the trial court's decision to grant defendant-appellee Angela Ellis' ("appellee") request to seal her record. Having reviewed the arguments of the parties and the pertinent law, we hereby affirm the decision of the lower court.
 I. {¶ 3} Over ten years ago, appellee pled guilty to an amended count under the attempt statute. Appellee received a suspended six-month sentence and a fifty-dollar fine plus costs. Subsequently, in 1999 and again in 2000, appellee pled guilty to driving under suspension. Neither conviction was under any Ohio Revised Code chapter.
 {¶ 4} Later, on February 5, 2003, appellee filed an application to seal all official records. On March 14, 2003, the state filed a brief in opposition to the expungement request. Instead of citing any overriding government interest or legitimate need, the state disputed only the trial court's jurisdiction by challenging the appellee's first-offender status. The trial court held a hearing on July 23, 2003. The state introduced evidence of the prior driving under suspension convictions at the hearing.
 {¶ 5} After the close of the hearing, the trial court granted appellee's request to seal her records. The state is now appealing the trial court's decision granting appellee's expungement.
 II. {¶ 6} Appellant's sole assignment of error states: "The trial court erred in granting the appellee's request for sealing of her record because she was not a first offender, pursuant to R.C.2953.31."
 {¶ 7} The sealing of a record of conviction is governed by R.C. 2953.32, which provides in relevant part as follows:
"(A)(1) Except as provided in section 2953.61 of the RevisedCode, a first offender may apply to the sentencing court ifconvicted in this state, or to a court of common pleas ifconvicted in another state or in a federal court, for the sealingof the conviction record. * * *
 (B) Upon the filing of an application under this section, thecourt shall set a date for a hearing and shall notify theprosecutor for the case of the hearing on the application. * * *
 (C)(1) The court shall do each of the following:
 Determine whether the applicant is a first offender orwhether the forfeiture of bail was agreed to by the applicant andthe prosecutor in the case. * * *
 Determine whether criminal proceedings are pending against theapplicant;
 If the applicant is a first offender who applies pursuant todivision (A)(1) of this section, determine whether the applicanthas been rehabilitated to the satisfaction of the court;
 If the prosecutor has filed an objection in accordance withdivision (B) of this section, consider the reasons againstgranting the application specified by the prosecutor in theobjection;
 Weigh the interests of the applicant in having the recordspertaining to the applicant's conviction sealed against thelegitimate needs, if any, of the government to maintain thoserecords."
 {¶ 8} (Emphasis added.)
 {¶ 9} First offender status is defined in R.C. 2953.31 as follows:
"(A) `First offender' means anyone who has been convicted ofan offense in this state or any other jurisdiction and whopreviously or subsequently has not been convicted of the same ora different offense in this state or any other jurisdiction. Whentwo or more convictions result from or are connected with thesame act or result from offenses committed at the same time, theyshall be counted as one conviction. * * *"
 {¶ 10} At the time of appellee's application, R.C. 2953.31
provided:
"For purposes of, and except as otherwise provided in, thisdivision, a conviction for a minor misdemeanor, a conviction fora violation of any section in Chapter 4511, 4513, or 4549 of theRevised Code, or a conviction for a violation of a municipalordinance that is substantially similar to any section in thosechapters is not a previous or subsequent conviction. Aconviction for a violation of Section 4511.19, 4511.192,4511.251, 4549.02, 4549.021, 4549.03, 4549.042, or 4549.07 orsections 4549.41 to 4549.46 of the Revised Code, or a convictionfor a violation of a municipal ordinance that is substantiallysimilar to any of those sections, shall be considered a previousor subsequent conviction."
 {¶ 11} (Emphasis added.)
 {¶ 12} The subsection above indicates the Ohio Revised Code chapters and similar municipal ordinances to be excluded from consideration when determining whether the applicant is a "first offender." The driving under suspension sections do not appear in either provision. Therefore, the issue is whether municipal ordinances for driving under suspension are substantially related to Ohio Revised Code chapters listed in the Ohio Revised Code section above.[1]
 {¶ 13} R.C. 2953.36 provides:
"Sections 2953.31 to 2953.35 of the Revised Code do notapply to any of the following:
* * *
(B) Convictions under section 2907.02, 2907.03, 2907.04,2907.05, 2907.06, 2907.3212 [2907.32.1], 2907.322 [2907.32.2], or2907.323 [2907.32.3], former section 2907.12, or Chapter 4507,4511, or 4549 of the Revised Code, or a conviction for aviolation of a municipal ordinance that is substantially similarto any section contained in any of those chapters * * *."
 {¶ 14} (Emphasis added.)
 {¶ 15} The above provision clearly indicates which convictions cannot themselves be expunged. Any reliance on it should fail logically because Chapters 4511 and 4549 are mentioned positively in R.C. 2953.31, but negatively in R.C.2953.36. These provisions cannot both apply and not apply in statutes that were developed contemporaneously. See, State v.Thomas (1979), 64 Ohio App.2d 141. In addition, appellee did not apply to expunge her driving under suspension convictions.
 {¶ 16} With respect to R.C. 2953.32, a trial court must weigh the interest of the public's need to know against the individual's interest in having the record sealed, and it must liberally construe R.C. 2953.32 so as to promote the legislative purpose of allowing expungement. The legislature, which is closer to the people, recognizes that people make mistakes, but that afterwards they regret their conduct and are older, wiser, and sadder. The unarguable fact is that some people do rehabilitate themselves. State v. Krutowsky (Apr. 3, 2003), Cuyahoga App. No. 81545. "Whether one is a first offender is a question of law that may be reviewed de novo on appeal." State v. Bundy,
Hamilton App. No. C-020411, 2003-Ohio-567, at 571.
 {¶ 17} On January 4, 2004, the Ohio legislature established new law to provide additional clarification and reduce possible inconsistency and/or confusion in R.C. 2953.31.[2] However, because of the date of appellee's case, we must consider the situation under the law at the time the case was brought. Therefore, we shall limit our consideration to the strict requirements of the prior R.C. 2953.31. The question is whether the municipal ordinances for driving under suspension are substantially similar to R.C. Chapter 4511, 4513, or 4549, or whether they are substantially similar to R.C. 4511.19, 4511.192,4511.251, 4549.02, 4549.021, 4549.03, 4549.042, 4549.07, 4549.41, or 4549.46.
 {¶ 18} Chapters 4511, 4513, and 4549 all involve traffic law. Driving under suspension is essentially a violation of driver's license law. These types of convictions are substantially similar to other traffic laws and not the type of law found, for example, in driving under the influence, R.C. 4511.19.
 {¶ 19} We find that a driving under suspension charge is not substantially similar to those laws the statute cites as driving under the influence of alcohol or drugs, street racing, hit and run, vehicle master key possession, or deceptive practices regarding odometer rollback and disclosure. Driving under suspension relates better to the Ohio Revised Code chapters representing the excluded convictions than it does to the provisions which count against expungement.
 {¶ 20} In the case at bar, appellant's DUS was an administrative violation. Her driving under suspension charge was traffic related, a violation of the Financial Responsibility Act regarding her insurance. Appellant's previous suspensions were traffic related and, therefore, similar to the situations in which expungement applies. In determining whether a driving under suspension offense is analogous to a traffic offense, we look to the underlying basis for the suspension. Here the suspension was based on an administrative violation directly related to the operation of a motor vehicle under the Financial Responsibility Act. As such, the suspension was, in effect, traffic related. Whether a driving under suspension offense under the previous statute meets the criteria of a traffic related offense is dependent on the basis of the underlying suspension.
 {¶ 21} Appellant's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant her costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Karpinski, P.J., and Gallagher, J., concur.
[1] R.C. Chapters 4511, 4513, or 4549, or to R.C. 4511.19,4511.192, 4511.251, 4549.02, 4549.021, 4549.03, 4549.042, or4549.07, or 4549.41 to 4549.46.
[2] As of January 4, 2004, as per the Ohio legislature, R.C.2953.31, in pertinent part, now provides: "For purposes of, and except as otherwise provided in, this division, a conviction for a minor misdemeanor for purposes of, and except as otherwise provided in, this division, a conviction for a minor misdemeanor, for a violation of any section in Chapter 4507, 4510, 4511, 4513, or 4549 of the Revised Code, or for a violation of a municipal ordinance that is substantially similar to any section in those chapters is not a previous or subsequent conviction.
However, a conviction for a violation of section 4511.19,4511.251, 4549.02, 4549.021, 4549.03, 4549.042, or 4549.62 or sections 4549.41 to 4549.46 of the Revised Code, for a violation of section 4510.11 or 4510.14 of the Revised Code that is based upon the offender's operation of a vehicle during a suspension imposed under section 4511.191 or 4511.196 of the Revised Code, for a violation of a substantially equivalent municipal ordinance, for a felony violation of Title XLV of the Revised Code, or for a violation of a substantially equivalent former law of this state or former municipal ordinance shall be considered a previous or subsequent conviction." (Emphasis added.)