JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Appellant, State of Ohio, brings this appeal challenging the court's decision to seal the record of appellee, William Kesman. Upon review of the record and for the reasons set forth below, we affirm.
 {¶ 2} In the summer of 1997, appellee was an employee of the Tenable Security Company and, as part of his duties, was hired to watch the uninhabited Kings Path apartment complex, which had been gutted after a destructive fire. On or about August 8, 1997, appellee and another security guard wrongfully entered seven different apartment units within the apartment building. The units were rented, but not then occupied, by different tenants.
 {¶ 3} Appellee was indicted under two separate case numbers on two separate dates for theft offenses that occurred on that one evening. Appellee pleaded guilty to several counts, and pleas were entered for both cases on the same date at a single hearing.
 {¶ 4} On January 21, 1998, appellee was sentenced to six months in each case, for a total of one year. The sentences were imposed in both cases on the same date at a single hearing. *Page 4 
 {¶ 5} Appellee served his sentence and was released. In the intervening ten years since his convictions, appellee has held a job, performed charity work in the community, and is presently engaged to be married.
 {¶ 6} On February 26, 2002, appellee filed an application for sealing record of conviction; the state did not timely oppose appellee's application. The trial court granted appellee's expungement on May 13, 2002, and four days later, on May 17, 2002, the state filed its brief in opposition to appellee's application. On December 12, 2002, the state moved the court to vacate appellee's expungement on the grounds that appellee was not a first offender, as contemplated under R.C. 2953.31. Appellee opposed the motion. On January 9, 2004, the trial court vacated the expungement.[1]
 {¶ 7} On February 23, 2006, appellee filed another application for sealing record of conviction, which the state opposed. On May 15, 2007, the court held an expungement hearing, and appellee's application was granted on May 17, 2007. The state timely appealed that order, citing one assignment of error.
 {¶ 8} "I. The trial court erred in granting the appellee's request for sealing of his record because he was not a first offender pursuant to R.C. 2953.31."
 {¶ 9} In its sole assignment of error, the state argues that appellee is not a first offender because his convictions involved seven victims, each counting as a *Page 5 
separate offense. The state also argues that the two separate indictments under two separate case numbers support a finding that appellee is not a first offender. Appellee argues that the plain language of R.C. 2953.31 is mandatory as it relates to first offenders and that he falls squarely within its definition.
 {¶ 10} R.C. 2953.32(A) states in relevant part: "(1) Except as provided in section 2953.61 of the Revised Code, a first offender may apply to the sentencing court if convicted in this state, or to a court of common pleas if convicted in another state or in a federal court, for the sealing of the conviction record. Application may be made at the expiration of three years after the offender's final discharge if convicted of a felony, or at the expiration of one year after the offender's final discharge if convicted of a misdemeanor."
 {¶ 11} At an expungement hearing,[2] "the court shall do each of the following: (a) Determine whether the applicant is a first offender or whether the forfeiture of bail was agreed to by the applicant and the prosecutor in the case ***; (b) Determine whether criminal proceedings are pending against the applicant; (c) If the applicant is a first offender who applies pursuant to division *Page 6 
(A)(1) of this section, determine whether the applicant has been rehabilitated to the satisfaction of the court; (d) If the prosecutor has filed an objection in accordance with division (B) of this section, consider the reasons against granting the application specified by the prosecutor in the objection; (e) Weigh the interests of the applicant in having the records pertaining to the applicant's conviction sealed against the legitimate needs, if any, of the government to maintain those records." R.C. 2953.32(C)(1).
 {¶ 12} The standard of review for motions for expungement is abuse of discretion; however, whether one is a first offender is a question of law, and appellate courts may apply a de novo standard when reviewing that issue. See State v. Ellis, Cuyahoga App. No. 83207, 2004-Ohio-3108;State v. Napier (Oct. 19, 1998), Warren App. No. CA98-04-048. The question of whether one is a "first offender" is a question of law, which is subject to an independent review by this court without deference to the trial court's determination. See State v. Aggarwal
(1986), 31 Ohio App.3d 32, 507 N.E.2d 1167; Chillicothe v. Herron
(1982), 3 Ohio App.3d 468, 445 N.E.2d 1171; State v. Penn (1977), 52 Ohio App.2d 315, 369 N.E.2d 1229.
 {¶ 13} We find that appellee is a first offender as defined by R.C.2953.31. This statute provides that: "`First offender' means anyone who has been *Page 7 
convicted of an offense in this state or any other jurisdiction and who previously or subsequently has not been convicted of the same or a different offense in this state or any other jurisdiction. When two ormore convictions result from or are connected with the same act orresult from offenses committed at the same time, they shall be countedas one conviction. When two or three convictions result from the same indictment, information, or complaint, from the same plea of guilty, or from the same official proceeding, and result from related criminal acts that were committed within a three-month period but do not result from the same act or from offenses committed at the same time, they shall be counted as one conviction, provided that a court may decide as provided in division (C) (1) (a) of section 2953.32 of the Revised Code that it is not in the public interest for the two or three convictions to be counted as one conviction." (Emphasis added.) R.C. 2953.31(A).
 {¶ 14} There is no dispute that appellee broke into several apartment units in one building on the same evening within a short window of time. The issue is whether the separate convictions resulted from the same act and were committed at the same time, as contemplated by the statute.
 {¶ 15} The court in State v. McGinnis (1993), 90 Ohio App.3d 479,629 N.E.2d 1084, held that a defendant convicted of vandalism and OMVI was a first offender even though the distinct criminal acts occurred 12 hours apart and in separate counties. In Penn, supra, the court held that the defendant was a first *Page 8 
offender even though he pleaded guilty to two separate counts of robbery of two victims in two separate cars, approximately 15 minutes apart.
 {¶ 16} Appellee in the case at bar committed several distinct theft offenses, in a relatively short time frame, and in one centralized location, the apartment building. We do not find the fact that two separate indictments were handed down conclusive of a finding that appellee's convictions are separate and unrelated offenses. We believe the procedural posture of the consolidated cases is immaterial to the issue before us.
 {¶ 17} Furthermore, we do not find the state's cases persuasive on whether appellee s criminal conduct occurred over a period of time.[3]
The majority of the cases cited by the state involve two or more criminal acts that were committed at significantly different times. SeeState v. Snyder (Apr. 27, 2000), Cuyahoga App. No. 77163 (separate acts occurred five months apart); State v. Mullins (May 5, 2005), Cuyahoga App. No. 85273 (four separate occurrences over three months); State v.Alandi (Nov. 15, 1990), Cuyahoga App. No. 59735 (offenses occurred 21 days apart); State v. Bradford (1998), 129 Ohio App.3d 128,717 N.E.2d 376 (separate acts occurred one day apart). *Page 9 
 {¶ 18} We recognize that expungement is a privilege, not a right. We also recognize that appellee's situation is precisely that which the state legislature was contemplating when it enacted R.C. 2953.31
granting first offenders the opportunity for expungement. Therefore, we overrule the state's sole assignment of error and affirm the trial court's decision to grant appellee's application to seal his record.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, P.J., and ANN DYKE, J., CONCUR
[1] At oral argument, the state claimed that it had not been given notice of the expungement hearing.
[2] R.C 2953.32(B) states: Upon the filing of an application under this section, the court shall set a date for a hearing and shall notify the prosecutor for the case of the hearing on the application. The prosecutor may object to the granting of the application by filing an objection with the court prior to the date set for the hearing. The prosecutor shall specify in the objection the reasons for believing a denial of the application is justified. The court shall direct its regular probation officer, a state probation officer, or the department of probation of the county in which the applicant resides to make inquiries and written reports as the court requires concerning the applicant."
[3] With respect to the language at the same time, the Fenn court stated: [t]he words `at the same time' seem to have a relative connotation. Actually it is difficult to conceive of more than one offense being committed at exactly the same time. For example, if one robs an establishment and in the course thereof maliciously destroys property, a common sense construction of the transaction would seem to be that the offenses were committed at the same time; nevertheless, some lapse of time would occur between the separate wrongdoings."Penn, supra. *Page 1