The STATE of Ohio, Appellee,

v.

HAGSTROM, Appellant.

[Cite as *State v. Hagstrom* (1990), 67 Ohio App.3d 388.]

Court of Appeals of Ohio,
Hamilton County.

No. C–890122.

Decided April 18, 1990.

*Arthur M. Ney, Jr.,* Prosecuting Attorney, and *William E. Breyer,* for
appellee.

*Santen, Schaffer & Hughes, James M. Coombe* and *Edward E. Santen,* for
appellant.

*Per Curiam.*

This cause came on to be heard upon the appeal, the transcript of the
docket, journal entries and original papers from the Hamilton County Court of
Common Pleas, the transcript of the proceedings, the briefs and the oral
arguments of counsel. We have *sua sponte* removed this case from the
accelerated calendar, and therefore, the order striking the reply brief is set
aside and held for naught.

On March 9, 1979, defendant-appellant Mark A. Hagstrom assaulted his
girlfriend, Mary Firth, in the village of Fairfax, located in Hamilton County.
Hagstrom then travelled to the city of Norwood and telephoned Firth from a
public telephone booth. Police officers, who by then had been summoned to
Firth's residence, were present when Hagstrom placed the call and were able
to trace Hagstrom's whereabouts. Norwood police officers were dispatched
to the pay phone, and a struggle ensued when they attempted to arrest
Hagstrom. Hagstrom was ultimately charged with assault and resisting
arrest for his conduct toward the arresting officers, and he was also charged
with aggravated assault for the incident involving Firth. Hagstrom pleaded

guilty to the aggravated-assault charge in the Hamilton County Court of Common Pleas, and the same plea was accepted for the charges of assault and resisting arrest in the Norwood Mayor's Court.

In April 1988, Hagstrom filed an application to expunge the record of his aggravated-assault conviction pursuant to R.C. 2953.32. The application was denied on the basis that Hagstrom was not a "first offender." [1] Hagstrom's sole assignment of error attacks the trial court's denial of his expungement application.

R.C. 2953.31(A) defines "first offender" as follows:

" 'First offender' means anyone who has been convicted of an offense in this state or any other jurisdiction, and who has not been previously or subsequently convicted of the same or a different offense in this state or any other jurisdiction. *When two or more convictions result from or are connected with the same act, or result from offenses committed at the same time, they shall be counted as one conviction.*" (Emphasis added.)

The acts committed by Hagstrom were, beyond argument, separate in time and place. The assault on Firth occurred in Fairfax, while the offenses committed against the Norwood police officers took place approximately forty-five minutes later in Norwood. Accordingly, the convictions did not "result from offenses committed at the same time" as contemplated by R.C. 2953.-31(A).

Hagstrom essentially asserts that since the Norwood convictions "came about entirely as the result of the [aggravated assault on Firth]," he qualifies as a first offender under the "result from or are connected with the same act" language in R.C. 2953.31(A). Hagstrom's position is untenable.

The convictions at issue do not fit within the purview of the "first offender" definition set forth in R.C. 2953.31(A). The offenses were committed against different individuals at different places and times, and the convictions neither resulted from nor were connected with the same act. The Norwood Mayor's Court convictions resulted from Hagstrom's encounter with Norwood police officers who were attempting to arrest him for the assault on Firth. Hagstrom both resisted the arrest and assaulted the officers during the course of the arrest. Clearly, these offenses were not connected, in the manner required by the expungement statute, to Hagstrom's commission of the aggravated assault on Firth, during which Hagstrom forcibly cut Firth's hair, threw her down a flight of stairs and then proceeded to beat her.

---

**1.** At the hearing on Hagstrom's expungement motion, the parties stipulated that Hagstrom had not been convicted of any offenses either before or after the March 9, 1979 incident(s).

Accordingly, the trial court correctly determined that Hagstrom was not a first offender and was not entitled to expungement of his record pursuant to R.C. 2953.31 and 2953.32. To the extent that this decision may be inconsistent with our holding in *State v. Penn* (1977), 52 Ohio App.2d 315, 6 O.O.3d 357, 369 N.E.2d 1229, we conclude that the import of the *Penn* holding must be confined solely to the facts as they existed in that case.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

SHANNON, P.J., KLUSMEIER and HILDEBRANDT, JJ., concur.