The STATE of Ohio, Appellant,

v.

CRESIE, Appellee.*

[Cite as State v. Cresie (1993), 93 Ohio App.3d 67.]

Court of Appeals of Ohio,
Hamilton County.

No. C–930011.

Decided Dec. 1, 1993.

---

* Reporter's Note: A motion for leave to appeal to the Supreme Court of Ohio was overruled in (1994), 69 Ohio St.3d 1417, 630 N.E.2d 378.

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *Ronald W. Springman, Jr.,* Assistant Prosecuting Attorney, for appellant.

*Reisenfeld & Statman* and *Melisa J. Richter,* for appellee.

*Per Curiam.*

This cause came on to be heard upon the appeal, the record filed herein, the briefs, and arguments. We have *sua sponte* removed this case from this court's accelerated calendar.

In 1985, defendant-appellee Edward Cresie, Sr., was convicted in the common pleas court of attempted theft and attempted forgery. In January 1993, the trial court granted defendant's application for expungement of these convictions.

On appeal, appellant contends, in a single assignment of error, that the trial court erred in granting defendant's application for an expungement of his convictions for attempted theft and attempted forgery. We agree.

Under R.C. 2953.32, a "first offender" may apply to the sentencing court for the sealing of the record of his conviction after the expiration of certain time limits. The phrase "first offender" is defined as follows:

" * * * anyone who has been convicted of an offense in this state or any other jurisdiction, and who previously or subsequently has not been convicted of the same or a different offense in this state or any other jurisdiction. When two or more convictions result from or are connected with the same act, or result from offenses committed at the same time, they shall be counted as one conviction." R.C. 2953.31.

This court has consistently held that where two or more offenses were committed at different times and resulted in two convictions, they cannot be counted as one conviction under R.C. 2953.31. See *State v. Freie* (Apr. 3, 1991), Hamilton App. No. C–900267, unreported (two convictions cannot be counted as one when the incidents leading to the separate charges occurred approximately one month apart); *State v. Stoller* (Mar. 9, 1988), Hamilton App. No. C–870235,

unreported (incidents leading to. separate charges occurred two days apart, and two convictions, therefore, not counted as one); *State v. Davis* (Apr. 11, 1984), Hamilton App. No. C–830591, unreported (two convictions resulted from different acts committed at different times, and, therefore, defendant not a first offender); *State v. Wheat* (Sept. 26, 1984), Hamilton App. No. C–840005, unreported (no first-offender status when three forgery offenses committed at separate locations during a twenty-four-hour period).

The record in this case indicates that the attempted-theft offense occurred on October 26, 1984, and that the attempted-forgery offense occurred on October 27, 1984. Following this court's long line of cases, we hold that the two convictions resulting from these two offenses which occurred at separate times cannot be counted as one conviction under R.C. 2953.31. Defendant, therefore, was not a "first offender" as defined in R.C. 2953.31. Accordingly, he was not entitled to have his record expunged pursuant to R.C. 2953.32.

We, therefore, sustain appellant's assignment of error. The judgment of the trial court is reversed, and this cause is remanded with instructions to vacate the order of expungement of defendant's convictions.

And the court, being of the opinion that there were reasonable grounds for this appeal, allows no penalty. It is further ordered that costs be taxed in compliance with App.R. 24, that a copy of this Memorandum Decision and Judgment Entry shall constitute the mandate, and that said mandate shall be sent to the trial court for execution pursuant to App.R. 27.

Exceptions noted.

*Judgment reversed.*

KLUSMEIER, P.J., and DOAN, J., concur.

M.B. BETTMAN, J., dissents.

M.B. BETTMAN, Judge, dissenting.

I must respectfully dissent from what I view as the overly restrictive reading the majority gives to a statute which I believe should be given a liberal construction. In discussing the enactment of R.C. 2953.31 *et seq.*, the Ohio Supreme Court in *Barker v. State* (1980), 62 Ohio St.2d 35, 41, 16 O.O.3d 22, 25–26, 402 N.E.2d 550, 555, wrote that the purpose of the expungement statute "is to provide remedial relief to qualified offenders in order to facilitate the prompt transition of these individuals into meaningful and productive roles." The court

went on to hold that these remedial provisions are to be liberally construed to promote their purposes. *Id.*

R.C. 2953.31(A) states that when two or more convictions result from or are connected with the same act, they shall be counted as one conviction. My colleagues in the majority are clearly of the opinion that when two or more offenses were committed at different times and resulted in two convictions, they cannot be counted as one conviction under R.C. 2953.31. As there is no case from the Ohio Supreme Court which compels the reading the majority gives to this statute, and given what the Supreme Court has said about the purpose of the statute, I give it a different reading. I believe that the attempted theft and attempted forgery offenses which were properly before the trial court were clearly connected with the same act.[1] Furthermore, both offenses were misdemeanor offenses involving no violence toward any person. They occurred in 1984. The defendant successfully completed probation in 1988 and has not been convicted of any offenses since then. It is now 1993. Expungement should make it easier for the defendant to become a productive member of society, which is, after all, the purpose of the statute.

This dissent should not be read to mean that I believe that every instance that involves a series of crimes which occur at or near the same time or a single crime spree would entitle the perpetrator to an expungement as a first offender. I believe each case must be individually scrutinized, based upon its own particular facts and circumstances. Considerable deference should be given to the trial court, which is in the best position to make this individualized review. I find that in this case the trial court properly granted the application for expungement to this defendant. I would therefore affirm the decision of the trial court.

---

1. The entire issue of a misdemeanor conviction in municipal court for filing a false alarm was not properly before the trial court because it was not properly introduced and proved by the state pursuant to R.C. 2953.32(E). Therefore, the relationship of that charge to the ones before the trial court in the case at bar and the question of whether that disqualifies the defendant from first-offender status is not considered either in the majority decision or in this dissent.