The STATE of Ohio, Appellant,

v.

BRADFORD, Appellee.

[Cite as *State v. Bradford* (1998), 129 Ohio App.3d 128.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 73936.

Decided July 20, 1998.

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, and *Arthur A. Elkins,* Assistant Prosecuting Attorney, for appellant.

*Dominic J. Vannucci,* for appellee.

Per Curiam.

This is a timely appeal from the order of the Cuyahoga County Court of Common Pleas granting defendant-appellee Ryan Bradford's application to seal the record of his convictions for theft and forgery.

On October 19, 1990, Bradford, a K–Mart employee, took a credit card that a customer had forgotten. The next day, Bradford went on a shopping spree with

the misappropriated credit card. Over the course of seven hours, he made seven purchases at four separate stores, including the K–Mart where he had obtained the credit card. Bradford was indicted on seven counts of forgery, seven counts of uttering, and two counts of theft. He pleaded guilty to six counts of forgery[1] and two counts of theft; the remaining counts were nolled. He was given a suspended sentence of one year on each count, to be served concurrently, and was placed on probation for two years. Bradford successfully completed his probation and since then has not committed any further offenses.

In 1996, the trial court granted Bradford's application, pursuant to R.C. 2953.32, to seal his conviction.

■ Appealing this expungement, the state presents the following assignment of error:

"The trial court lacked jurisdiction to seal appellee's record of conviction because appellee was not a 'first offender' as defined by R.C. 2953.31(A)."

This assignment is well taken.

R.C. 2953.31(A), which governs the expungement or sealing of a record, states as follows:

" 'First offender' means anyone who has been convicted of an offense in this state or any other jurisdiction, and who previously or subsequently has not been convicted of the same or a different offense in this state or any other jurisdiction. When two or more convictions result from or are *connected with the same act,* or result from offenses *committed at the same time,* they shall be counted as one conviction." (Emphasis added.)

■ It is well established that for purposes of expungement under R.C. 2953.31(A), offenses of a similar nature committed over a period of time do not become a single offense regardless of the similarity of criminal activity. *State v. Saltzer* (1985), 20 Ohio App.3d 277, 278, 20 OBR 368, 368–369, 485 N.E.2d 831, 833–834, citing *State v. Stujenske* (Jan. 28, 1982), Cuyahoga App. Nos. 43669 and 43670, unreported, 1982 WL 2321. This court has previously held, for example, that three crimes committed in the same location on two consecutive days involving separate victims do not merge into a single offense for expungement purposes. *State v. Iwanyckyj* (October 14, 1993), Cuyahoga App. No. 65462, unreported, 1993 WL 410365. Similarly, when a man fraudulently reported his traveler's checks lost and used those same checks twenty-one days later to purchase goods at three different locations, he was not a first offender for purposes of expungement. *State v. Alandi* (Nov. 15, 1990), Cuyahoga App. No. 59735, unreported, 1990 WL 178168. See, also, *State v. Musson* (Dec. 20, 1995),

---

1. These six instances of forgery occurred at only three stores.

Cuyahoga App. No. 68817, unreported, 1995 WL 753945 (two counts of trafficking in marijuana committed twenty–two days apart); *State v. Burks* (Aug. 22, 1992), Cuyahoga App. No. 59040, unreported (five counts of receiving stolen property by removing food stamps from the mail intended for different individuals and unlawful redemption, over the course of a month).

Bradford committed theft on October 19, 1990. The next day, he forged six credit card slips in three different locations. It is clear that these separate acts committed in distinct locations do not merge into a single offense for expungement purposes.

The First Appellate District has decided two cases with situations nearly identical to those in the case at bar. When a man forged three credit card slips in three separate locations within a twenty-four-hour period, he was not a first offender within the meaning of R.C. 2953.31. *State v. Wheat* (Sept. 26, 1984), Hamilton App. No. C–840005, unreported, 1984 WL 6982. Similarly, when a man attempted theft one day and forgery the next, he was not a first offender. *State v. Cresie* (1993), 93 Ohio App.3d 67, 69, 637 N.E.2d 935, 936.

Bradford relies on *State v. Penn* (1977), 52 Ohio App.2d 315, 6 O.O.3d 357, 369 N.E.2d 1229, in which the Hamilton County Court of Appeals ruled that defendant's conviction for two robberies committed within fifteen minutes of each other and at the same general location could be considered one conviction for expungement purposes. The decision in *Penn*, however, was limited solely to the facts of that case by *State v. Hagstrom* (1990), 67 Ohio App.3d 388, 587 N.E.2d 324. In *Hagstrom*, the court ruled that when a man assaulted his girlfriend and forty–five minutes later in a different location resisted arrest and assaulted police officers, he committed separate, unconnected offenses, and was therefore not entitled to expungement of his record.

Similarly, in the case at bar Bradford committed separate offenses—theft and forgery. These offenses were committed over the course of two days in three distinct locations. We find, therefore, that Bradford was not a first-time offender under R.C. 2953.31(A). Since he was not a first-time offender, the trial court lacked jurisdiction to seal his record of conviction. *State v. Thomas* (1979), 64 Ohio App.2d 141, 145, 18 O.O.3d 106, 108, 411 N.E.2d 845, 847–848; *State v. May* (1991), 72 Ohio App.3d 664, 667, 595 N.E.2d 980, 981–982. The state's sole assignment of error is well taken.

The judgment of expungement is reversed and vacated; the case is remanded to the lower court for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

PORTER, P.J., KARPINSKI and SPELLACY, JJ., concur.