OPINION
These cases have been consolidated for purposes of appellate review and placed on this court's accelerated calendar. Appellant, the state of Ohio, appeals from the judgment of the Trumbull County Court of Common Pleas. The court ordered the criminal records of appellee, Reggie L. Potts, sealed.
Potts was the Bazetta Township Chief of Police from 1978 until 1993. In 1993, a four-count indictment was issued against Potts for misconduct associated with his position as Chief of Police. The first count was theft in office and the second count was receiving stolen property. A jury found Potts not guilty on the first two counts. The third count was also theft in office and involved letting a friend borrow a car, which was loaned to the police department and had undercover license plates on it. The final count was falsification, stemming from events where Potts wrote a letter stating that Larry Heib had worked for the Bazetta Police Department from 1982-1986, when, in fact, he had not. The jury found Potts guilty on the third and fourth counts. Following the convictions on these counts, Potts was sentenced to a combined eighteen months incarceration and a $1,000 fine. This sentence was suspended, and Potts was placed on probation. Potts appealed this conviction to this court, and we affirmed it. State v. Potts (May 10, 1996), Trumbull App. No. 95-T-5182, unreported, 1996 Ohio App. LEXIS 1894.
Potts was indicted a second time in 1994. There were two counts in this indictment. The first count was tampering with records and involved the department's drug records. The second count was theft in office. Potts pled guilty to a reduced charge of tampering with records. In exchange for this plea, the state dropped the second count. For the tampering conviction, Potts was sentenced six months in jail and was fined $1,000. This sentence was also suspended, and Potts was placed on probation for this charge.
After completing his sentences, Potts moved to have these records sealed. The trial court ordered the records sealed, finding that the three convictions were all part of the same act, because they were investigated at the same time and they all occurred in relation to Potts' employment as Chief of Police.
Appellant raises the following assignment of error:
 "The trial court erred in granting an order to seal three criminal convictions."
 A first offender may apply to a sentencing court to have his conviction record sealed. R.C. 2953.32(A)(1). There are a variety of things that the court must do when deciding whether to seal records, one of which is to "[d]etermine whether the applicant is a first offender * * *." R.C. 2953.32(C)(1)(a). This case turns on whether Potts is a first offender. A first offender is defined in R.C. 2953.31(A) as:
 "`First offender' means anyone who has been convicted of an offense in this state or any other jurisdiction, and who previously or subsequently has not been convicted of the same or a different offense in this state or any other jurisdiction. When two or more convictions result from or are connected with the same act, or result from offenses committed at the same time, they shall be counted as one conviction. * * *."
 "The determination of the applicant's status as a first-time offender, however, is a question of law subject to an independent review by [an appellate] court without deference to the trial court's decision."
State v. Derugen (1996), 110 Ohio App.3d 408, 410, citing State v.McGinnis (1993), 90 Ohio App.3d 479, 481, and State v. Thomas (1979),64 Ohio App.2d 141. Expungement is a civil remedy procedurally governed by Civ.R. 60(B). See State v. Brasch (1997), 118 Ohio App.3d 659, 662.
"If it is demonstrated to the court that granted an expungement that the defendant was not a first-time offender under R.C. 2953.31, the court is deprived of jurisdiction and the expungement must be vacated." Id. at 663, citing Thomas, at 145. If it is determined that the applicant is not a first time offender, the court does not have jurisdiction to consider the subsequent acts of the applicant, no matter how noble they are. The facts of Brasch demonstrate this point. In 1983, Brasch found three individuals breaking into his parents' garage. He was able to restrain one of them and take him to the police station. As a result of this incident, Brasch was charged with two counts of felonious assault. The judge found these charges ridiculous, reduced them, and fined appellant $100 on each count. Later, while in college, Brasch was involved in a serious automobile accident. Brasch was prescribed Ativan, a narcotic, to control the pain from his injuries. Brasch altered the second prescription of Ativan, which allowed him to receive additional refills. Brasch pled no contest to a reduced charge of misdemeanor attempt. Brasch proceeded to graduate summa cum laude, number one in his class, from the University of Cincinnati's College of Education. He then attempted to expunge his record in order to obtain a position as a teacher. The Twelfth Appellate District held that the lower court did not have jurisdiction to consider the attributes of the applicant, because he was not a first offender under the statute. Id.
We now will now determine if Potts convictions entitle him to be classified as a first offender. The Eighth Appellate District has held that a theft offense, resulting from a stolen credit card, and forgery offenses, from using the stolen credit card the next day, were not the same act and, thus, the individual was not a first offender. State v.Bradford (1998), 129 Ohio App.3d 128. The First Appellate District has similarly held that attempted theft offenses, resulting from the events of one day, and attempted forgery offenses, stemming from events that occurred on the next day, are not the same offense. State v. Cresie
(1993), 93 Ohio App.3d 67. An assault on the defendant's girlfriend, followed by an assault on the police occurring only forty-five minutes later, were not part of the same act or committed at the same time. Statev. Hagstrom (1990), 67 Ohio App.3d 388.
This court has held that crimes committed by an eighteen-year-old, consisting of two counts of breaking and entering and two counts of petty theft, that occurred over a three-month period were not the same offense and, therefore, the defendant was not a first offender. State v. Schroth
(Oct. 25, 1991), Geauga App. No. 91-G-1635, unreported, 1991 Ohio App. LEXIS 5137. We have also indicated a tendency to adopt the "same day" test. We have held that since the state did not meet its burden showing that certain forgery offenses occurred on different days, the defendant was entitled to have the records sealed. See State v. Raskov (June 16, 2000), Geauga App. No. 99-G-2251, unreported, 2000 Ohio App. LEXIS 2653.
In two of the cases, in which Potts heavily relies on in support of having his records sealed, the crimes occurred on the same day. In the first case, State v. McGinnis, an individual threw a brick through a window of a house and was arrested for driving under the influence later that day. The court held that these crimes were logically connected to a single act, an all day drinking spree. See McGinnis, supra. The second case initially appears to be factually similar to the case at bar, as it involved counts of theft in office. State v. Pentacost (June 30, 2000), Trumbull App. No. 99-T-0072, unreported, 2000 Ohio App. LEXIS 2986. However, both of the counts of theft in office that Pentacost pled guilty to involved acts that occurred on the same day, therefore, we held that Pentacost was a first offender.
The three convictions in this case are not related enough to be considered the same offense. The only connection between these crimes is that they were all committed in relation to Potts' employment. The crimes Potts committed occurred first in 1987, then in 1989, and finally over a period of time in 1991-1992. There is nearly five years separating these offenses. The first offense involved lending a loaned car, with undercover license plates issued to the police department, to a friend for an out-of-state trip. This offense is in no way related to the second offense, falsifying a document, by asserting an individual worked at the Bazetta Police Department, which was an untrue statement. Neither of these first two offenses have anything to do with the final conviction, tampering with the drug unit records.
The trial court relied on the fact that these offenses were all investigated at the same time in concluding that they all were a result of the same act. We do not agree with this rationale. Surely there was only one investigation into the crimes that occurred in Bradford,Cressie, and Hagstrom, as the multiple crimes in these cases all occurred within one day of the initial crime. Also, it appears that there was only one investigation in Schroth, as only one indictment was issued.
Potts was convicted of three distinct crimes. They were not committed at the same time. They are not the same act. Therefore, Potts is not a first offender, and is not entitled to have his record sealed.
Appellant's assignment of error has merit. The judgment of the trial court is reversed, the order of expungement is vacated, and this case is hereby remanded for further proceedings consistent with this opinion.
CHRISTLEY, J., BATCHELDER, J., Ninth Appellate District, sitting by assignment, concur.