JOURNAL ENTRY and OPINION
{¶ 1} This cause came on to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court records and briefs of counsel.
 {¶ 2} Defendant-appellant Avery D. Mullins (appellant) appeals from the trial court's decision denying his motion for expungement. After reviewing the facts of the case and pertinent law, we affirm.
 I. {¶ 3} On December 13, 2000, appellant was indicted for 16 counts of unauthorized access to computer system in violation of R.C. 2913.04; 16 counts of tampering with records in violation of R.C. 2913.42; and 16 counts of forgery in violation of R.C. 2913.31. Appellant participated in these offenses from March 28 through June 22, 1998, while he was employed at the Bureau of Motor Vehicles. On June 4, 2001, appellant pled guilty to four counts each of unauthorized access to computer system, tampering with records and forgery, for a total of 12 counts. On June 28, 2001, the court sentenced appellant to two years community control sanctions. On May 3, 2004, appellant filed a motion for expungement, and on August 17, 2004, the court held a hearing and denied appellant's motion.
 II. {¶ 4} In his first and only assignment of error, appellant argues that "the trial court erred in denying defendant's motion for expungement." Specifically, appellant argues that the court erred by determining that he 1) was not a first time offender and 2) violated the public trust, when denying his motion for expungement. Pursuant to R.C. 2953.32(C)(1), the court shall apply a five-part test to determine whether an offender qualifies to have his or her record of conviction sealed. The pertinent parts of that statute direct the court to:
"(a) Determine whether the applicant is a first offender * * *. If theapplicant * * * has two or three convictions that result from the sameindictment * * * and result from related criminal acts that werecommitted within a three-month period but do not result from the same actor from offenses committed at the same time, in making its determinationunder this division, the court initially shall determine whether it isnot in the public interest for the two or three convictions to be countedas one conviction.
* * *
"(e) Weigh the interests of the applicant in having the recordspertaining to the applicant's conviction sealed against the legitimateneeds, if any, of the government to maintain those records."
R.C. 2953.32(C)(1)(a), (e).
 {¶ 5} The standard of review for motions for expungement is abuse of discretion, however, whether one is a first offender is a question of law, and appellate courts may apply a de novo standard when reviewing that issue. See State v. Ellis, Cuyahoga App. No. 83207, 2004-Ohio-3108;State v. Napier (Oct. 19, 1998), Warren App. No. CA98-04-048.
 {¶ 6} The first step for a trial court in deciding a motion for expungement is to determine whether the applicant is a first time offender. If the applicant is not a first time offender, the court lacks jurisdiction to grant the expungement. See Napier, supra. In Napier, the court ruled the defendant was not a first time offender when the offenses of sale of drugs and possession of drugs were separated by several hours and involved mutually exclusive quantities of illegal substances. Specifically, the court ruled that these two offenses should not be counted as one offense. See, also, State v. Hagstrom (1990),67 Ohio App.3d 388, 390 (holding that the "offenses were committed against different individuals at different places and times, and the convictions neither resulted from nor were connected with the same act," regarding the defendant's convictions of assaulting his girlfriend, then 45 minutes later, resisting arrest and assaulting police officers who were dispatched to find him).
 {¶ 7} In the instant case, appellant pled guilty to 12 counts, stemming from four separate incidents of "manufacturing and dissemination of false identification cards later used in other crimes."[1] These incidents occurred during a three-month time period in the spring and summer of 1998. R.C. 2953.32(C)(1)(a) specifically contemplates "two or three convictions [that] result from related criminal acts that were committed within a three-month period," and directs the court to determine, based on the best interest of the public, whether the convictions should be treated as one offense. Appellant's case is more egregious than the scenario the statute poses. Appellant's record shows 12 convictions from separate, independent criminal acts that were committed within a three-month period. Although these incidents may be seen as similar because they occurred at the same place, they are not "related criminal acts" because they are not dependent upon one another. The commission of one act does not necessarily flow from the commission of each prior act. Accordingly, we agree with the trial court that appellant was not a first time offender for expungement purposes.
 {¶ 8} Assuming arguendo that appellant was a first offender and the court did have jurisdiction to grant an expungement, we will review appellant's second argument for abuse of discretion. An appellate court will not find an abuse of discretion unless the trial court's decision is unreasonable, arbitrary or unconscionable. State v. Adams (1980),62 Ohio St.2d 151, 157.
 {¶ 9} In the instant case, appellant asserts that his interest in having his record sealed outweighs the government's interest in maintaining his record. Appellant urges that he will become a more productive member of society by obtaining a higher grade of employment, that he has paid for his crime and is rehabilitated, and that he has been a law-abiding citizen since committing the instant offenses. On the other hand, the state argues that appellant committed these offenses during the course of his employment and future employers should have the opportunity to investigate his criminal history. Taking these positions into consideration, the court found the following in denying appellant's motion:
"These are very serious issues. Even though two of these are feloniesof the 5th degree; one is a felony of the 3rd degree, all arenon-violent, does not mean the State does not have an interest inmaintaining the record. In fact, I think it's telling that otheremployers are nervous about hiring him because of the fact that he hasthese convictions. I do not blame them. I would have some reservations aswell. * * * I also think that the fact he was a public employee at thetime, requires that the State maintain the record as an open record forpurposes of review by any member of the public. He abused the publictrust. He participated in a crime that led to other crimes beingperpetrated by people, being able to conceal their identity from lawenforcement. Certainly, the argument can be made, all those situationsplaced a number of people in jeopardy and caused a bit of a crime spree asa result of this behavior."[2]
 {¶ 10} In reviewing the court's finding that it was in the best interest of the public to deny appellant's motion to seal his record, we cannot say the court abused its discretion. Accordingly, we find the trial court properly denied appellant's motion for expungement and his assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, P.J., and Sweeney, J., Concur.
[1] Tr. at 7.
[2] Tr. at 7 — 8.