OPINION
{¶ 1} This is an accelerated calendar case, submitted to this court on the record and the briefs of the parties. Appellant, Michael Stislow, appeals the judgment entered by the Lake County Court of Common Pleas. The trial court denied Stislow's application for expungement.
 {¶ 2} In 1997, Stislow pled guilty to one count of complicity to breaking and entering, in violation of R.C. 2911.13 and2923.03, a fifth-degree felony; two counts of complicity to burglary, in violation of R.C. 2911.12 and 2923.03, second-degree felonies; and three counts of complicity to theft, in violation of R.C. 2913.02 and 2923.03, which are fifth-degree felonies. The trial court sentenced Stislow to an aggregate prison term of three years.
 {¶ 3} Stislow completed his prison term and subsequent post-release control. On September 30, 2005, Stislow filed an application for expungement. The trial court held an in-chambers hearing on the motion. Thereafter, the trial court denied Stislow's application for expungement.
 {¶ 4} Stislow has timely appealed the trial court's judgment entry to this court. Stislow raises the following assignment of error:
 {¶ 5} "The trial court erred to the prejudice of the appellant:
 {¶ 6} "(1) in concluding that the appellant was not a first offender; and
 {¶ 7} "(2) in failing to follow the mandates of R.C. 2953.32."
 {¶ 8} Initially, we will address whether Stislow was a "first offender." The determination of whether an applicant qualifies as a first offender is a question of law, and, therefore, we will conduct a de novo review of this issue.[1]
 {¶ 9} We note "[t]he statutory law in effect at the time of the filing of an R.C. 2953.32 application to seal a record of conviction is controlling."[2] Pursuant to R.C. 2953.32, only a "first offender" is eligible to have his criminal record sealed.[3] If an applicant does not qualify as a first offender, the court is without jurisdiction to consider the underlying facts of the application.[4]
 {¶ 10} "`First Offender' means anyone who has been convicted of an offense in this state or any other jurisdiction and who previously or subsequently has not been convicted of the same or a different offense in this state or any other jurisdiction. When two or more convictions result from or are connected with the same act or result from offenses committed at the same time, they shall be counted as one conviction. * * *."[5]
 {¶ 11} In State v. Potts, this court observed the tendency of this court to adopt a "same day" test to determine whether the offenses were the "same act" for the purposes of R.C.2953.31(A).[6] For example, in State v. Raskov, this court held that the state did not meet its burden of demonstrating that the crimes occurred on different days, thus, the applicant qualified as a first offender.[7] However, inState v. Schroth, crimes that occurred over a three-month period were not part of the same act and the applicant did not qualify as a first offender.[8]
 {¶ 12} In State v. Potts, this court noted that the First and Eight Appellate Districts held that offenses occurring the next day following the commission of the initial offense were not part of the same act for the purposes of a first offender analysis.[9]
 {¶ 13} Stislow's six convictions stemmed from two distinct instances. Some of the crimes were committed on August 9, 1996, in Painesville Township. The remainder of the crimes were committed on August 16, 1996, in Painesville and Leroy Townships. The crimes were separated by one full week and occurred in different locations. Accordingly, Stislow's convictions did not result from the same act and were not committed at the same time. Stislow does not qualify as a first offender.
 {¶ 14} Even though Stislow does not qualify as a first offender and is, therefore, not entitled to have his record sealed, we will briefly examine whether any of the preclusions set for in R.C. 2953.36 apply to this matter. R.C. 2953.36
provides, in part:
 {¶ 15} "Sections 2953.31 to 2953.35 of the Revised Code do not apply to any of the following:
 {¶ 16} "* * *
 {¶ 17} "(C) convictions of an offense of violence when the offense is a misdemeanor of the first degree or a felony and when the offense is not a violation of section 2917.03 of the Revised Code and is not a violation of section 2903.13, 2917.01 or2917.31 of the Revised Code that is a misdemeanor of the first degree;
 {¶ 18} "* * *
 {¶ 19} "(E) Convictions of a felony of the first or second degree."
 {¶ 20} Stislow argues that his convictions were not offenses of violence. We agree. None of his offenses fall within the definition of offenses of violence.[10]
 {¶ 21} However, we note that Stislow pled guilty to two counts of complicity to burglary, which are second-degree felonies. As such, Stislow was not eligible to have his record sealed.[11]
 {¶ 22} Finally, Stislow contends the trial court and the state did not follow the requisite procedures at the hearing. First, Stislow suggests that the prosecutor should not have been allowed to argue at the hearing because the state did not file written objections. The Supreme Court of Ohio has addressed this very issue and held that a prosecutor may argue issues at the hearing that were not raised in written objections filed pursuant to R.C. 2953.32.[12] Thus, the state is entitled to participate at the hearing even if no objections were filed.[13]
 {¶ 23} Finally, Stislow argues that the trial court did not consider the factors set forth in R.C. 2953.32(C) to determine whether Stislow's record should be sealed.
 {¶ 24} We note that Stislow has not filed a transcript of the hearing. Pursuant to App.R. 9, the appellant has a duty to file a transcript of all portions of proceedings necessary for the court to consider the appeal. When an appellant fails to provide a complete transcript, or those portions that support the claimed error, the reviewing court has no choice but to presume the regularity of the proceedings and affirm the judgment of the trial court.[14]
 {¶ 25} Further, due to our prior analysis, Stislow was precluded from having his record sealed, because he does not qualify as a first offender and he had two second-degree felony convictions. Therefore, the trial court did not need to engage in an analysis of the specific factors set forth in R.C. 2953.32(C).
 {¶ 26} Stislow's assignment of error is without merit.
 {¶ 27} The judgment of the trial court is affirmed.
Donald R. Ford, P.J., concurs, Colleen Mary O'Toole, J., concurs in judgment only.
[1] (Citations omitted.) State v. Derugen (1996),110 Ohio App.3d 408, 410. See, also, State v. Potts, 11th Dist. Nos. 2001-T-0016 and 2001-T-0017, 2001 Ohio App. LEXIS 5843, at *4.
[2] State v. LaSalle, 96 Ohio St.3d 178, 2002-Ohio-4009, paragraph two of the syllabus.
[3] See, also, State v. Potts, 2001 Ohio App. LEXIS 5843, at *4, quoting State v. Brasch (1997), 118 Ohio App.3d 659, 663.
[4] Id. at *5.
[5] R.C. 2953.31(A).
[6] State v. Potts, 2001 Ohio App. LEXIS 5843, at *7.
[7] State v. Raskov (June 16, 2000), 11th Dist. No. 99-G-2251, 2000 Ohio App. LEXIS 2653, at *5-7.
[8] State v. Schroth (Oct. 25, 1991), 11th Dist. No. 91-G-1635, 1991 Ohio App. LEXIS 5137, at *8.
[9] State v. Potts, at *6, citing State v. Cresie (1993),93 Ohio App.3d 67 and State v. Bradford (1998),129 Ohio App.3d 128.
[10] See R.C. 2901.01(A)(9)(a) and (d).
[11] R.C. 2953.36(E).
[12] State v. Hamilton (1996), 75 Ohio St.3d 636, syllabus.
[13] Id. at 638.
[14] See State v. Benson, 11th Dist. No. 2001-P-0086, 2002-Ohio-6942, at ¶ 36, citing State v. Plough (June 8, 2001), 11th Dist. No. 99-P-0029, 2001 Ohio App. LEXIS 2571, at *8-9.