OPINION
{¶ 1} This is an accelerated calendar case, submitted to this court on the record and the brief of appellant, Terrence W. Rollins. Appellee, the city of Wickliffe, has not filed an appellate brief. Rollins appeals the judgment entered by the Willoughby Municipal Court.
 {¶ 2} Rollins' vehicle was stopped by an officer with the Wickliffe Police Department. As a result of the stop, Rollins was charged with operating a motor vehicle *Page 2 
under the influence of alcohol ("OVI"), in violation of Wickliffe City Ordinance 333.01(a)(1)(A). Initially, Rollins pled not guilty to this charge.
 {¶ 3} Rollins filed a motion to suppress evidence resulting from the stop of his vehicle. A suppression hearing was held. The trial court held the officer had probable cause to stop Rollins' vehicle and denied his motion to suppress evidence. Rollins withdrew his not guilty plea and entered a plea of no contest to the OVI charge. The trial court found Rollins guilty of OVI. In addition to a fine, Rollins was sentenced to 90 days in jail, with 85 days suspended. This sentence was stayed pending appeal.
 {¶ 4} Rollins filed a notice of appeal to this court. Thereafter, the trial court filed a nunc pro tunc judgment entry, presumably to correct the omission of the code section from the original judgment entry.
 {¶ 5} Rollins raises the following assignment of error:
 {¶ 6} "The trial court erred to the prejudice of defendant-appellant in overruling his motion to suppress the video evidence of the city of Willoughby."
 {¶ 7} In his notice of appeal, Rollins did not make any indication as to whether a transcript would be filed. Rollins has not filed a transcript of the suppression hearing with this court. This court has previously held:
 {¶ 8} "Pursuant to App.R. 9, the appellant has a duty to file a transcript of all portions of proceedings necessary for the court to consider the appeal. When an appellant fails to provide a complete transcript, the reviewing court has no choice but to presume the regularity of the proceedings and affirm the judgment of the trial court.[1] "[2] *Page 3 
 {¶ 9} In addition, a portion of the record that was submitted includes an entry from the trial court as a result of the hearing that indicates: "[testimony reflects that the defendant's vehicle crossed [left-of-center] on 3 occasions."
 {¶ 10} Since Rollins has failed to file a transcript of the suppression hearing, his assignment of error is without merit.
 {¶ 11} The judgment of the trial court is affirmed.
CYNTHIA WESTCOTT RICE, P.J., MARY JANE TRAPP, J., concur.
[1] State v. Benson, 11th Dist. No. 2001-P-0086, 2002-Ohio-6942, at ¶ 36, citing State v. Plough (June 8, 2001), 11th Dist. No. 99-P-0029, 2001 Ohio App. LEXIS 2571, at *8-9.
[2] State v. Stislow, 11th Dist. No. 2005-L-207, 2006-Ohio-4168, at ¶ 24. *Page 1