JOURNAL ENTRY AND OPINION
{¶ 1} Can Gabe ("Gabe") appeals from the trial court's decision denying his motion to seal the official records of his case. Gabe argues the trial court erred when it determined that he was not a first offender. For the following reasons, we affirm the decision of the trial court.
 {¶ 2} On May 10, 2001, Parma Police Officers received a complaint that two males were sleeping in a vehicle. When they arrived, the officers observed Gabe asleep in the front seat and Kevin O'Brien ("O'Brien") asleep in the back seat. The officers removed Gabe from the vehicle and observed a six-inch knife *Page 3 
in the waistband of his pants. Parma Police Officers arrested Gabe and charged him with misdemeanor carrying a concealed weapon; the officers also took O'Brien into custody.
 {¶ 3} According to Gabe, he pleaded no contest and was found guilty of carrying a concealed weapon on the same day he was arrested, May 10, 2001. The trial court sentenced him to spend ten days in jail, nine of which were suspended.
 {¶ 4} The following day, Gabe and O'Brien were released from the Parma Municipal Jail and went to the impound lot to retrieve their vehicle. When Gabe and O'Brien could not access their vehicle, they stole another vehicle from the impound lot. Gabe and O'Brien drove this vehicle across state lines and were eventually arrested in New York.
 {¶ 5} On May 17, 2001, a Cuyahoga County Grand Jury returned an indictment charging Gabe with grand theft motor vehicle and burglary. On September 26, 2001, Gabe pleaded guilty to grand theft motor vehicle, and the State of Ohio ("State") nolled the burglary charge. The trial court sentenced Gabe to one year of community controlled sanctions with the following conditions: complete ninety days of inpatient treatment, take all prescribed medication, maintain a stable residence, submit to random urinalysis, attend Alcoholics Anonymous meetings, and obtain gainful employment. Gabe successfully completed his probation. *Page 4 
 {¶ 6} On June 20, 2006, Gabe filed an application to seal official records. The State opposed Gabe's request, arguing that he was not a first offender. The trial court conducted a hearing on the motion and on December 8, 2006, denied Gabe's motion. The court held that Gabe was not a first offender and his convictions for carrying a concealed weapon and grand theft motor vehicle were separate and distinct offenses. Gabe appeals, raising a single assignment of error:
 "The trial judge erred in finding appellant ineligible for an R.C. 2953.52, order to seal the official records of this case."
 {¶ 7} Specific statutory provisions govern the sealing of a record of conviction. R.C. 2953.32(A)(1) provides that a "first offender" may apply to the sentencing court for the sealing of the conviction record at the expiration of three years after the offender's final discharge if convicted of a felony. The court must then do each of the following when considering the application: "(1) determine whether the applicant is a first offender; (2) determine whether there are no other criminal proceedings pending against the applicant; (3) determine whether the applicant has been rehabilitated to the satisfaction of the court; (4) if the prosecutor has filed an objection to the application, determine whether the prosecutor's objection is well-taken; and (5) weigh the interests of the applicant in having the conviction records sealed against the legitimate needs, if any, of *Page 5 
the government in maintaining those records." State v. Brewer, Franklin App. No. 06AP-464, 2006-Ohio-6991; R.C. 2953.32(C)(1).
 {¶ 8} The crux of Gabe's appeal is that the trial court erred when it determined he was not a first offender, as defined in R.C. 2953.31(A). We disagree.
 {¶ 9} Whether an individual is a first offender is reviewed de novo by the appellate court. State v. Mullins, Cuyahoga App. No. 85273,2005-Ohio-2193. If the applicant is not a first offender, the court lacks jurisdiction to grant the expungement. State v. Kirtley (July 22, 1999), Cuyahoga App. No. 75901.
 {¶ 10} R.C. 2953.31(A) states in pertinent part, that a first offender "means anyone who has been convicted of an offense in this state or any other jurisdiction and who previously or subsequently has not been convicted of the same or a different offense in this state or any other jurisdiction." Pursuant to statute, only a person with a single conviction generally qualifies for expungement. However, the Ohio Revised Code creates exceptions to this general rule.
 {¶ 11} The exception at issue here provides "[w]hen two or more convictions result from or are connected with the same act or result from offenses committed at the same time, they shall be counted as one conviction." R.C. 2953.31(A). Gabe argues that his convictions for carrying a concealed weapon and grand theft motor vehicle qualify under this exception. *Page 6 
 {¶ 12} The Franklin County Court of Appeals analyzed a similar issue and noted the following: "the exception really contains two distinct concepts-either of which qualify the applicant for expungement: (1) when two or more convictions result from or are connected with the same act; or (2) when two or more convictions result from offenses committed at the same time." Brewer, supra.
 {¶ 13} In the present case, it is clear that Gabe's convictions were not based on conduct that occurred at the same time. Therefore, Gabe will only qualify as a first offender if his convictions "result from or are connected with the same act."
 {¶ 14} The State points out that the conduct that resulted in Gabe's convictions for carrying a concealed weapon and grand theft motor vehicle occurred over a span of two days. The State contends that these two convictions were separate acts, with separate victims that occurred at distinct locations. We find the authorities cited by the State in support of its argument persuasive.
 {¶ 15} In State v. Snyder, Cuyahoga App. No. 77163, this appellate court concluded that an offender who was first indicted for selling cocaine to an informant on June 23, 1989, and received a second indictment for possessing cocaine at the time of his arrest was not a first offender. This court held that the facts underlying the two convictions were not connected with the same act and did not result from offenses committed at the same time. Id. *Page 7 
 {¶ 16} In State v. Bradford (1998), 129 Ohio App.3d 128, the State appealed the expungement of six counts of forgery and two counts of theft. The defendant, a K-Mart employee, took a credit card that a customer had left in the store and the next day made purchases at four separate stores. Id. Even though the defendant's convictions were connected in the sense that they all related to the defendant's wrongful use of a single customer's credit card, the Bradford court found that the defendant did not qualify as a first offender:
 "It is well established that for purposes of expungement under R.C. 2953.31(A), offenses of a similar nature committed over a period of time do not become a single offense regardless of the similarity of criminal activity. (Citations omitted.)
 . . . .
 Bradford committed theft on October 19, 1990. The next day, he forged six credit card slips in three different locations. It is clear that these separate acts committed in distinct locations do not merge into a single offense for expungement purposes." Id. at 129-130.
 {¶ 17} Other Ohio courts addressing similar issues have reached the same conclusion. State v. Napier (Oct. 19, 1998), Warren App. No. CA98-04-048 (offender was not a first offender when his offenses for sale of drugs and possession of drugs were separated by several hours and involved mutually exclusive quantities of illegal substances);State v. Hagstrom (1990), 67 Ohio App.3d 388, 390 (offenses committed against different individuals at different places and times were not connected in the manner required for expungement); State v. Alandi
(Nov.15, 1990), Cuyahoga App. No. 59735 (offenses of theft and *Page 8 
forgery occurring three weeks apart cannot be counted as one offense for purposes of sealing the record).
 {¶ 18} In the present case, Gabe's convictions for carrying a concealed weapon and grand theft motor vehicle were based on conduct that occurred on two separate days, against two separate victims and involved distinct acts. Accordingly, we hold that these convictions do not merge into a single act for purposes of expungement.Snyder, supra; Bradford, supra; Napier, supra; Hagstrom, supra;Alandi, supra.
 {¶ 19} We agree with the trial court's conclusion that Gabe was not a first offender and, therefore, not eligible for expungement. Gabe's sole assignment of error is overruled.
 {¶ 20} The judgment of the trial court is affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 9 
 MELODY J. STEWART, J., and ANN DYKE, J., CONCUR *Page 1