[Cite as *State v. Jenkins*, 2013-Ohio-880.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2012-P-0093** |
| MICHAEL A. JENKINS, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Portage County Court of Common Pleas, Case No. 1997 CR 0410.

Judgment: Affirmed.

*Victor V. Vigluicci*, Portage County Prosecutor, and *Pamela J. Holder*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Michael A. Jenkins*, pro se, PID: A356051, Trumbull Correctional Institution, P.O. Box 901, Leavittsburg, OH 44430-0901 (Defendant-Appellant).

TIMOTHY P. CANNON, P.J.

{¶1} Appellant, Michael A. Jenkins, appeals the judgment of the Portage County Court of Common Pleas denying his motion requesting that a final, appealable order be issued in his case. For the following reasons, the judgment is affirmed.

{¶2} On December 24, 1997, appellant was indicted on one count of aggravated murder, a capital offense, with three aggravating circumstance specifications; one count of attempted aggravated murder; one count of aggravated

burglary; one count of aggravated robbery; and one count of tampering with evidence. In addition, each count contained a firearm specification.

{¶3} Appellant entered into a negotiated plea of guilty to aggravated murder, with a firearm specification, and to felonious assault, which was amended from the charge of attempted aggravated murder. The state entered a Nolle Prosequi to the remaining counts and specifications.

{¶4} On February 25, 1998, the trial court accepted appellant's plea and sentenced him to life imprisonment for aggravated murder, with three consecutive years for the firearm specification and two consecutive years for felonious assault. Appellant did not file a direct appeal from this entry.

{¶5} On July 16, 2012, appellant filed a "motion for a final appealable order." In his motion, appellant contended that his original entry of conviction did not contain an explanation of his limited appellate rights and therefore was not a final, appealable order. Appellant requested the trial court issue a new entry with an explanation of his rights which would constitute a final, appealable order. The trial court denied appellant's motion.

{¶6} Appellant, pro se, appeals from this denial and asserts one assignment of error:

{¶7} "The Common Pleas Court committed prejudicial error in finding that Appellant's July 16, 2012 Motion for Final Appealable Order was not well taken, thereby denying Appellant of the notification of his appellate rights."

{¶8} Appellant asserts that the trial court's February 25, 1998 entry was not a final, appealable order because it did not advise him of his limited appellate rights.

Appellant does not argue that the trial court failed to inform him of his limited appellate rights; he instead merely contends that an explanation of these rights was not expressly contained in his entry of conviction. Appellant is indeed confined to such an argument in this case, because without the filing of a transcript, the regularity of the proceedings must be presumed. *See State v. Stislow*, 11th Dist. No. 2005-L-207, 2006-Ohio-4168, ¶24 ("[w]hen an appellant fails to provide a complete transcript, or those portions that support the claimed error, the reviewing court has no choice but to presume the regularity of the proceedings").

{¶9} A judgment of conviction constitutes a final, appealable order under R.C. 2505.02 and satisfies the requirements of Crim.R. 32(C) when it sets forth the following: "(1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) entry on the journal by the clerk of court." *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, syllabus, modified by *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204. Here, the trial court's entry does not contain an express provision setting forth appellant's limited appellate rights; however, it does constitute a final, appealable order in that it sets forth appellant's guilty plea and the sentence. It is also signed by the judge and journalized by the clerk of court. As such, appellant's assignment of error is without merit.

{¶10} The judgment of the Portage County Court of Common Pleas is affirmed.


CYNTHIA WESTCOTT RICE, J.,

THOMAS R. WRIGHT, J.,

concur.

3